1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          :     16-CR-515(NGG)
                                         16-CR-516(NGG)
          Plaintiff ,              :

     -against-                      :

OZ AFRICA MANAGEMENT GP, LLC, :     United States Courthouse
                                    Brooklyn, New York
          Defendant.               :

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          :     September 29, 2016
                                         2:30 p.m.
          Plaintiff,               :

     - against -                    :

OCH-ZIFF CAPITAL MANAGEMENT
GROUP LLC,                          :

          Defendant.               :

- - - - - - - - - - - - - - - X


                    TRANSCRIPT OF PLEADING
          BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                UNITED STATES DISTRICT JUDGE.


APPEARANCES:


For the Government:          ROBERT L. CAPERS
                            United States Attorney
                            BY: JAMES P. LOONAM
                                JONATHAN LAX
                            Assistant United States Attorneys
                            271 Cadman Plaza East
                            Brooklyn, New York

2

```
 1   APPEARANCES:   (Continued)

 2   For the Government:          DEPARTMENT OF JUSTICE
        (Continued)              1400 New York Avenue, NW
 3                               Washington, DC  20530

 4                               BY:  JAMES P. McDONALD, ESQ.
                                      LEO TSAO, ESQ.
 5

 6   For the Defendants:         GIBSON DUNN & CRUTCHER LLP
                                 200 Park Avenue
 7                               New York, New York  10166

 8                               BY:  JOEL M. COHEN, ESQ.
                                      LEE G. DUNST, ESQ.
 9                                    MARK K. SCHONFELD, ESQ.
                                      F. JOSEPH WARIN, ESQ.
10

11   Court Reporter:             Charleane M. Heading
                                 225 Cadman Plaza East
12                               Brooklyn, New York
                                 (718) 613-2643
13

14   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
15

16                   *    *    *    *    *    *

17

18           THE CLERK:  Criminal cause for a plea.

19           Counsel, just step up, please.  Please state your

20   appearances for the record.

21           MR. LOONAM:  James Loonam for the United States.

22   Good afternoon, Your Honor.

23           MR. McDONALD:  James McDonald for the United States.

24           THE COURT:  You are from Washington?

25           MR. McDONALD:  Yes, Your Honor.
```

3

1          THE COURT:  Okay.  Very good.

2          MR. TSAO:  Good afternoon.  Leo Tsao for the United

3   States.

4          THE COURT:  You are from Washington?

5          MR. TSAO:  Also from Washington.

6          THE COURT:  Okay.

7          MR. LAX:  Good afternoon, Your Honor.  Jonathan Lax

8   also for the United States.

9          THE COURT:  From New York?

10          MR. LAX:  From New York, Your Honor.

11          MR. LOONAM:  That's an IRS agent, Your Honor, Yves

12   Hunziker, who worked an awful lot on the case.

13          THE COURT:  Welcome.

14          And for defendants?

15          MR. COHEN:  Your Honor, we're all from Gibson Dunn.

16   I'm Joel Cohen.

17          MR. DUNST:  Lee Dunst.

18          THE COURT:  You are Joel Cohen?

19          MR. COHEN:  I'm Joel Cohen, yes.

20          THE COURT:  You are --

21          MR. DUNST:  Lee Dunst, Your Honor.

22          MR. COHEN:  Your Honor, and this is to my left is

23   Mark Schonfeld and to my right is Joe Warin.  I would ask Your

24   Honor to -- they have put in motions to be admitted to the

25   court pro hac --

4

1          THE COURT:  Pro hac vice.

2          MR. COHEN:  But it's pending.  I would ask Your

3     Honor to allow them to appear for today's proceeding.

4          THE COURT:  Sure.  You put in the application?

5          MR. COHEN:  It's pending, Your Honor.

6          THE COURT:  Of course they can appear.  Thank you.

7     Nice to have you here.

8          Who is going to speak for the defendants, one of you

9     or all of you?

10          MR. SCHONFELD:  I will, primarily, Your Honor.

11          THE COURT:  And you are Mr. Schonfeld?

12          MR. SCHONFELD:  Yes.

13          THE COURT:  Are you in New York or some other place?

14          MR. SCHONFELD:  Yes, New York.

15          THE COURT:  All right.

16          Okay.  As is apparent, I am not Judge Donnelly.

17          MR. LOONAM:  You are not.

18          THE COURT:  And Judge Donnelly has recused herself

19     and I received this case at about 11:30 this morning and I

20     have spent all the time between then and now to get up to

21     speed about it.  You are going to help me.

22          Perhaps the first thing we can do is hear from

23     Mr. Loonam about what this all about.

24          MR. LOONAM:  Yes, Your Honor.

25          THE COURT:  And then after we do that, we have a

5

1    representative of the corporation who is going to appear for

2    the corporation pursuant to a decision of the board of

3    directors, I take it?  So, we will get to that in a minute.

4              Let's just start with you, Mr. Loonam.

5              MR. LOONAM:  Yes, Your Honor.

6              So there are two matters before Your Honor, this

7    matter that's currently called United States of America

8    against Och-Ziff Management GP LLC.

9              So, this is 16-515, OZ Africa Management GP, LLC,

10   and in this instance, OZ Africa Management GP, LLC is going to

11   waive indictment and enter a plea of guilty to an information

12   which should be before Your Honor pursuant to a plea agreement

13   with the government.

14             THE COURT:  All right.  I have the plea agreement --

15   I'm sorry -- the information in 16-CR-515, United States of

16   America against OZ Africa Management GP, LLC consisting of

17   24 pages.  Got it.

18             MR. LOONAM:  Yes, Your Honor.  And it's a single

19   count that charges the defendant with engaging in a conspiracy

20   to bribe officials in the Democratic Republic of Congo

21   contrary to the Foreign Corrupt Practices Act.

22             THE COURT:  Got it.  All right.

23             All right.  So this is an information and before we

24   can proceed on the information, I need to have the corporation

25   arraigned on the information.

6

1           So, Mr. Schonfeld, have you reviewed the information

2    with the corporation?

3           MR. LOONAM:  I apologize, Your Honor.  I think the

4    first step would be --

5           THE COURT:  You want me --

6           MR. LOONAM:  We should go through the waiver of

7    indictment and ensure that the waiver is entered knowingly and

8    voluntarily.

9           THE COURT:  Right.  Let's do something before we do

10   that.

11          And who are you, ma'am?

12          MS. KILFOYLE:  I'm Colleen Kilfoyle.  I'm an

13   assistant general counsel at Och-Ziff Capital Management Group

14   LLC.

15          THE COURT:  Okay.  Stop.

16          I take it, Mr. Schonfeld, Ms. Kilfoyle is appearing

17   here as the official representative of both corporations, is

18   that right?

19          MR. SCHONFELD:  Yes, Your Honor.

20          THE COURT:  Okay.  Before I ask you any questions, I

21   would like you to be sworn in by the clerk.

22          THE CLERK:  Please raise your right hand.

23          (Ms. Kilfoyle sworn by the clerk.)

24          THE COURT:  All right.

25          Okay.  Ms. Kilfoyle, are you an authorized officer

7

1    or agent for OZ Africa Management GP, LLC?

2              MS. KILFOYLE:  Yes, Your Honor.

3              THE COURT:  And as long as we are here, are you also

4    an authorized representative for Och-Ziff Capital Management

5    Group LLC?

6              MS. KILFOYLE:  Yes, Your Honor.

7              THE COURT:  Okay.  Are you authorized by a vote of

8    the board of directors to speak and act on these corporations'

9    behalf throughout this proceeding?

10             MS. KILFOYLE:  Yes.

11             THE COURT:  Do you and the officers and directors of

12   the corporation understand what is happening in these

13   proceedings?

14             MS. KILFOYLE:  Yes, Your Honor.

15             THE COURT:  Has the lawyer for the corporation

16   explained to you and the officers and directors, the

17   consequences that may flow from these proceedings?

18             MS. KILFOYLE:  Yes, Your Honor.

19             THE COURT:  All right.  And, Mr. Schonfeld, have

20   these corporations authorized you to act as their lawyer?

21             MR. SCHONFELD:  Yes.

22             THE COURT:  Okay.  If at any time any of you do not

23   understand any question I ask you, do not try to answer it.

24   Tell me that you do not understand it and I will rephrase it.

25             If at any time you want to talk to each other, to

8

1    the authorized representative, to your attorney, don't try to

2    answer my question.  Just tell me you want to talk to the

3    other and I will permit you to do so.

4               Do you understand that?

5               MS. KILFOYLE:  Yes, Your Honor.

6               THE COURT:  Do you understand that, sir?

7               MR. SCHONFELD:  Yes.

8               THE COURT:  All right.  So, Mr. Schonfeld, have you

9    received the information -- I'll get there.

10              MR. LOONAM:  Okay.

11              THE COURT:  I've done this for 16 years.  I can

12   handle it.

13              MR. LOONAM:  Yes, of course, Your Honor.

14              THE COURT:  When I make a mistake, you will tell me.

15   Until I make a mistake, don't tell me.

16              MR. LOONAM:  Okay.

17              THE COURT:  Have you received the information in

18   this case?

19              MR. SCHONFELD:  Yes.

20              THE COURT:  Okay.  And have you shared it with your

21   client?

22              MR. SCHONFELD:  Yes.

23              THE COURT:  Has OZ Africa Management GP, LLC

24   received the information?

25              MS. KILFOYLE:  Yes, Your Honor.

1           THE COURT:  Have you reviewed it with your client?

2           MR. SCHONFELD:  Yes.

3           THE COURT:  All right.  Now, do you understand,

4    Ms. Kilfoyle, that OZ Africa Management GP, LLC has the right

5    to be charged by way of an indictment by a grand jury?

6           MS. KILFOYLE:  Yes, Your Honor.

7           THE COURT:  And that in lieu of an indictment by a

8    grand jury, this case has been brought against OZ Africa

9    Management GP, LLC by way of an information, do you understand

10   that?

11          MS. KILFOYLE:  Yes, Your Honor.

12          THE COURT:  Okay.  And do you understand the

13   contents of the information?

14          MS. KILFOYLE:  Yes, Your Honor.

15          THE COURT:  Okay.  And does your corporation

16   understand the contents of the information?

17          MS. KILFOYLE:  Yes, Your Honor.

18          THE COURT:  Okay.  Now, I have in front of me --

19          MR. LOONAM:  Thanks, Judge.

20          THE COURT:  You're welcome.

21          -- a waiver of indictment in United States of

22   America versus OZ Africa Management GP, LLC, case number

23   16-CR-515, and I am going to hand it to you, Ms. Kilfoyle, and

24   Mr. Schonfeld, and I am going to ask some questions.

25          Ms. Kilfoyle, have you read this waiver of

1   indictment?

2           MS. KILFOYLE:  Yes, Your Honor.

3           THE COURT:  Have you discussed it with your

4   attorney?

5           MS. KILFOYLE:  Yes, Your Honor.

6           THE COURT:  Has it been reviewed by you and is it

7   understood to have been offered by your board of directors as

8   well?

9           MS. KILFOYLE:  Yes, Your Honor.

10          THE COURT:  And is that your signature on the waiver

11  of indictment?

12          MS. KILFOYLE:  It is, Your Honor.

13          THE COURT:  And did you sign it on behalf of the

14  corporation in your official capacity?

15          MS. KILFOYLE:  I did, Your Honor.

16          THE COURT:  As the representative of the

17  corporation?

18          MS. KILFOYLE:  Yes.

19          THE COURT:  All right.  Mr. Schonfeld, have you

20  reviewed the waiver of indictment with your client?

21          MR. SCHONFELD:  Yes, I have.

22          THE COURT:  And have you answered all your client's

23  questions about the consequences of waiving indictment of a

24  grand jury?

25          MR. SCHONFELD:  Yes, Your Honor.

1    THE COURT:  And is your signature on that document

2  as well?

3    MR. SCHONFELD:  Yes, it is.

4    THE COURT:  Okay.  Please return it to me.

5    I find that the OZ Africa Management GP, LLC has

6  knowingly, voluntarily and intentionally waived indictment by

7  the grand jury.  Okay?

8    All right.  Anything else on the waiver?

9    MR. LOONAM:  No, Your Honor.

10    THE COURT:  Okay.  Very good.

11    All right.  This plea is being offered pursuant to

12  an information and I have been advised that the person

13  appearing before the Court is an officer or authorized

14  employee of the corporation OZ Africa Management GP, LLC, that

15  the board of directors was empowered to authorize her to enter

16  a plea of guilty to the charge brought against the

17  organization and the person before the Court is authorized by

18  a valid resolution to enter a plea of guilty to the charge

19  before the Court.

20    Is that right?

21    MR. SCHONFELD:  Yes.

22    THE COURT:  All right.  On the information, you need

23  to be arraigned on the information.

24    With regard to the information that you have told me

25  that you have reviewed on behalf of the corporation, does the

12

1   corporation wish to enter a plea of guilty by way of the

2   arraignment?

3          MR. SCHONFELD:  Yes, it does.

4          THE COURT:  The arraignment will be not guilty, for

5   the arraignment?

6          MR. SCHONFELD:  Oh, not guilty.

7          THE COURT:  All right.  Very well.  A plea of not

8   guilty is entered for OZ Africa Management GP, LLC.

9          So, at this point, it is time for the government to

10  set forth a summary of the charges contained in the

11  information.

12         MR. LOONAM:  Sure, Your Honor.

13         THE COURT:  I would have you read the information as

14  some judges would do --

15         MR. LOONAM:  I know that there's --

16         THE COURT:  -- but I have dinner plans at 8:00 p.m.

17         MR. LOONAM:  Yes, Your Honor.

18         THE COURT:  And I have read the information.

19         I assume that, Ms. Kilfoyle, you read the

20  information?

21         MS. KILFOYLE:  Yes, Your Honor.

22         THE COURT:  Counsel has read the information?

23         MR. SCHONFELD:  Yes.

24         THE COURT:  And the government prepared the

25  information?

1        MR. LOONAM:  Correct, Your Honor.

2        THE COURT:  And it is signed by the U.S. Attorney

3    and Sandra L. Moser, Principal Deputy Chief, Criminal

4    Division, Fraud Section.

5        MR. LOONAM:  Correct, Your Honor.

6        THE COURT:  Go ahead.

7        MR. LOONAM:  So, not with respect to the elements,

8    Your Honor, just the factual basis for the information.

9        THE COURT:  Right.

10        MR. LOONAM:  The count charged concerns a conspiracy

11    that the defendant Och-Ziff Africa Management GP, LLC entered

12    into in connection with a business venture in Africa,

13    specifically, in the Democratic Republic of the Congo, entered

14    into an agreement with its business partner to pay bribes to

15    high level government officials in the Democratic Republic of

16    Congo and took overt acts in furtherance of that conspiracy

17    within the Eastern District of New York and elsewhere.

18        THE COURT:  All right.  Very well.

19        Now, in the information, it sets forth the penalties

20    so as to be able to pleading guilty to this crime.  What page

21    is that on?

22        MR. LOONAM:  Page 11 of the plea agreement, Your

23    Honor.

24        THE COURT:  Page 11.

25        I have a plea agreement marked as Court's Exhibit

14

1    No. 1 dated today, September 29, 2016, in 16-CR-515, United

2    States of America against OZ Africa Management GP, LLC,

3    consisting of 19 pages and three addenda.

4           Three exhibits, right?

5           MR. LOONAM:  That's correct, Your Honor.

6           THE COURT:  All right.  I am going to hand the

7    agreement to the defendant.  I note that the person who signed

8    on behalf of OZ Africa Management GP, LLC is Joel M. Frank,

9    Mr. Frank.

10          Where is Mr. Frank?

11          MR. COHEN:  He's not here, Your Honor.

12          THE COURT:  He is not here?

13          MR. COHEN:  But --

14          THE COURT:  I know she is here, but I am going to

15   have to get her to sign it as well because the person who is

16   in front of me has to sign the agreement.

17          So, let me hand you the agreement and ask some

18   questions.

19          Ms. Kilfoyle, have you read this plea agreement?

20          MS. KILFOYLE:  I have, Your Honor.

21          THE COURT:  And have you discussed it with counsel?

22          MS. KILFOYLE:  Yes.

23          THE COURT:  Has counsel answered any and all

24   questions that you had on behalf of the corporation regarding

25   the agreement?

15

1          MS. KILFOYLE:  Yes, Your Honor.

2          THE COURT:  Do you understand the contents of the

3    agreement?

4          MS. KILFOYLE:  Yes, Your Honor.

5          THE COURT:  Why don't you sign the agreement right

6    underneath Mr. Frank's name.

7          (Ms. Kilfoyle complies.)

8          THE COURT:  Okay.  And the agreement is also signed

9    by you, Mr. Schonfeld?

10          MR. SCHONFELD:  Yes.

11          THE COURT:  And by the government, correct?

12          MR. LOONAM:  Yes, Your Honor.

13          THE COURT:  Okay.  Please return the agreement to

14    me.

15          Ms. Kilfoyle, is there any other promise or

16    agreement that has been made to get the corporation to plead

17    guilty that is not found in this agreement?

18          MS. KILFOYLE:  No, Your Honor.

19          THE COURT:  Let's go over on page 11 of the

20    agreement the statutory penalties associated with pleading

21    guilty to this crime.

22          All right.  The statutory maximum sentence that the

23    Court can impose for the violation of Title 18 United States

24    Code Section 371 is a fine of $500,000 or twice the gross

25    pecuniary gain or gross pecuniary loss resulting from the

1  offense whichever is greatest, Title 15 United States Code

2  Section 78ff(a) and Title 18 United States Code section

3  3571(e) and (d), five years' probation, that's in Title 18

4  United States Code Section 3561(c)(1), and a mandatory special

5  assessment of $400 for the sole count of the information

6  pursuant to Title 18 United States Code Section 3013(a)(2)(B).

7  In this case, the parties have agreed that the gross

8  pecuniary gain resulting from the offense is $91,181,182 and,

9  therefore, pursuant to Title 18 United States Code 3571(d),

10  the maximum fine that may be imposed for this violation is

11  $182,362,364 for the offense.

12  Do you understand the statutory penalties associated

13  with pleading guilty to this crime?

14  MS. KILFOYLE:  Yes, Your Honor.

15  THE COURT:  Anything else from the government?

16  MR. LOONAM:  No, Your Honor.

17  THE COURT:  Okay.  Now, have you on behalf of the

18  corporation discussed the sentencing process in connection

19  with pleading guilty to this crime?

20  MS. KILFOYLE:  Yes, Your Honor.

21  THE COURT:  Mr. Schonfeld, are you satisfied that

22  the corporation understands the potential sentencing

23  consequences from pleading guilty to this crime?

24  MR. SCHONFELD:  Yes, I am.

25  THE COURT:  And what I would like to do is ask the

1    government to go over what it believes is the appropriate

2    sentencing protocol for pleading guilty to this count.  I

3    understand that the government and the defense agree that this

4    appears to be the appropriate sentencing protocol.

5            MR. LOONAM:  Correct, Your Honor.

6            So, to be clear, this is, we're submitting an

7    11(c)(1)(C) plea agreement before Your Honor.  We've

8    calculated --

9            THE COURT:  I normally do not take 11(c)(1)(C)

10   pleas, but having reviewed this and the complexity of it, I am

11   willing to take an 11(c)(1)(C) plea in this particular

12   circumstance.

13           Go ahead.

14           MR. LOONAM:  Understood, Your Honor.

15           So, in looking at the 2015 United States Sentencing

16   Guidelines and how they would apply here, we've run through

17   the calculation and we've discussed it with the defense.

18   Unless Your Honor wants me to go through blow by blow, the

19   bottom line is that we believe that the guidelines result in a

20   fine range under the guidelines of 72 million, just about

21   73 million to just about 146 million under the guidelines for

22   the OZ Africa conduct and, as Your Honor is aware, pursuant to

23   the next matter that's going to be called, the parties have

24   agreed that Och-Ziff will pay over $213 million in connection

25   with conduct that encompasses the OZ Africa conduct.  So it's

1  the parties' contention that that $213 million satisfies the

2  penalty here.

3          THE COURT:  All right.  And, Mr. Schonfeld, you

4  agree to that representation by the government?

5          MR. SCHONFELD:  Yes.

6          THE COURT:  Okay.  Very well.

7          Okay.  Now, do you understand, Ms. Kilfoyle, that

8  the representations made in the plea agreement are subject to

9  review by the Court and in the event that even though the

10 Court is inclined to accept this 11(c)(1)(C) plea, if there is

11 some reason why the Court determines that it would not be

12 legally appropriate to do so, you would be entitled to take

13 back your plea and litigation could proceed.  Do you

14 understand that?

15         MS. KILFOYLE:  I do, Your Honor.

16         THE COURT:  And as I said, it is my inclination

17 based on what I have read in the plea agreement to accept the

18 plea with the sentencing recommendation.

19         MR. LOONAM:  Yes, Your Honor.  And in addition, I

20 would note that because of the complexity of this matter and

21 the millions of documents that are involved in this case, both

22 parties have agreed to waive the PSR and not move forward with

23 the PSR.

24         THE COURT:  I saw that.

25         MR. LOONAM:  Yes.

19

1          THE COURT:  But should the Court need any additional

2    information from the parties, the Court will reach out to the

3    parties for that additional information.  I agree that a

4    traditional PSR might not be helpful in this case.

5          MR. LOONAM:  Yes, Your Honor, and, of course, we'll

6    be very responsive to Your Honor's request.

7          THE COURT:  Thank you.

8          All right.  So, is there anything we should do that

9    we haven't already done before I take the plea and allocution?

10         MR. LOONAM:  I think we can go through the colloquy

11   for the entering the new plea.

12         THE COURT:  Okay.  If for any reason the defendant

13   believes that the Court has not sentenced the defendant in

14   accordance with the law, you would then have the right to

15   appeal the sentence to the U.S. Court of Appeals for the

16   Second Circuit.

17         There is a waiver, is there not, as to the right to

18   appeal here?

19         MR. LOONAM:  Yes, Your Honor, yes.

20         THE COURT:  Where is the waiver?

21         MR. LOONAM:  Slightly different than our standard

22   form.

23         THE COURT:  Slightly.

24         MR. LOONAM:  Okay.  So page nine starts the

25   paragraph in the section that's titled "Waiver of rights

1  including the right to appeal" and it falls under subsection E

2  of paragraph 16 and then that subsequent paragraph.  So pages

3  10 and 11.

4        THE COURT:  All right.  Ms. Kilfoyle and counsel, do

5  you understand that the plea agreement contains your agreement

6  not to appeal or otherwise challenge the sentence in this case

7  or bring any collateral challenge to the conviction if the

8  Court follows the terms of the plea agreement in sentencing

9  it?

10        MS. KILFOYLE:  Yes, Your Honor.

11        MR. SCHONFELD:  Yes.

12        MR. LOONAM:  Yes, Your Honor.

13        THE COURT:  Very good.  All right.  So we can go

14  ahead.

15        What else?

16        MR. LOONAM:  I think we can go through the full

17  colloquy to change the plea from not guilty to guilty.

18        THE COURT:  We will do that.  I am saying before we

19  go there.

20        MR. LOONAM:  I think that's where we are, Your

21  Honor.

22        THE COURT:  Okay.  Good.

23        Mr. Schonfeld, is there anything you would like me

24  to discuss with your client in further detail before I proceed

25  to a formal allocution?

1          MR. SCHONFELD:  No, Your Honor.

2          THE COURT:  Ms. Kilfoyle, do you have any questions

3     you would like to ask me about the charge, the rights of your

4     corporation or anything else related to this matter that may

5     not be clear to you?

6          MS. KILFOYLE:  No, Your Honor.

7          THE COURT:  Counsel, do you know of any reason why

8     your client should not enter a plea of guilty to the charge?

9          MR. SCHONFELD:  No, Your Honor.

10          THE COURT:  Are you aware of any viable legal

11     defense to the charge?

12          MR. SCHONFELD:  No, Your Honor.

13          THE COURT:  All right.  Ms. Kilfoyle, are you ready

14     to plead?

15          MS. KILFOYLE:  Yes, Your Honor.

16          THE COURT:  All right.  How does OZ Africa

17     Management GP, LLC plead to the sole count of the information,

18     guilty or not guilty?

19          MS. KILFOYLE:  Guilty, Your Honor.

20          THE COURT:  Are you making this plea of guilty

21     voluntarily and of your own free will as a corporation?

22          MS. KILFOYLE:  Yes, Your Honor.

23          THE COURT:  Has anyone threatened or forced the

24     corporation to plead guilty?

25          MS. KILFOYLE:  No, Your Honor.

22

1          THE COURT:  Other than the agreement with the

2     government, has anyone made any promise that caused the

3     corporation to plead guilty?

4          MS. KILFOYLE:  No, Your Honor.

5          THE COURT:  Has anyone made any promise about the

6     sentence the corporation will receive other than that set

7     forth in the plea agreement?

8          MS. KILFOYLE:  No, Your Honor.

9          THE COURT:  All right.  At this time, please

10     describe briefly what OZ Africa Management GP, LLC did to be,

11     to commit the crime charged in the sole count of information.

12          MR. LOONAM:  So, Your Honor, I think defense counsel

13     intends on presenting an allocution which I believe the

14     corporate representative will adopt.

15          I would note, and I apologize to the Court if I

16     missed part of this, and rights are still as set forth in the

17     plea agreement, but that, you know, OZ Africa Management GP,

18     LLC has the right to persist in its not guilty plea, the right

19     to a jury trial, the right to confront and examine witnesses.

20     Did I --

21          THE COURT:  I missed it too.

22          MR. LOONAM:  And so I feel like we should --

23          THE COURT:  I will go through that.

24          MR. LOONAM:  Okay.  Thank you, Your Honor.

25          THE COURT:  Why don't we just do it.

1          MR. LOONAM:  Thank you.

2          THE COURT:  Because this is sort of an odd amalgam

3    of issues and it is very unusual.  It is not a straightforward

4    plea involving just one corporation.  This situation involves

5    this subsidiary and the parent, the grandparent.

6          MR. LOONAM:  That's correct.

7          THE COURT:  Corporation if you will.

8          All right.  Let me just go over it before you

9    actually allocute.

10          Now, just advise me, Ms. Kilfoyle, if you understand

11    all these things.  The corporation has a right to plead not

12    guilty to the charge, you understand that, correct?

13          MS. KILFOYLE:  Yes.

14          THE COURT:  No one can be forced to guilty.  No

15    corporation can be forced to plead guilty.  Do you understand

16    that?

17          MS. KILFOYLE:  Yes, Your Honor.

18          THE COURT:  If the corporation pleads not guilty to

19    the charge or persists in a plea of not guilty, it has the

20    right under the constitution and laws of the United States to

21    a speedy and public trial before a jury with the assistance of

22    its attorneys.  Do you understand that?

23          MS. KILFOYLE:  Yes, Your Honor.

24          THE COURT:  At any trial, it would be presumed to be

25    innocent.  You would not have to prove that the corporation

1   was innocent.  This is because under our system of law the

2   government must come forward with proof that establishes a

3   reasonable doubt that the corporation is guilty of the crime

4   charged.  If the government failed to meet this burden of

5   proof, the jury would have the duty to find the corporation

6   not guilty.

7           Do you understand that?

8           MS. KILFOYLE:  Yes, Your Honor.

9           THE COURT:  In the course of a trial, the witnesses

10  for the government would have to come to court and testify in

11  the presence of the corporation and its lawyers, the attorney

12  would have the right to confront and cross-examine any adverse

13  witnesses, they could raise legal objections to evidence the

14  government sought to offer against the corporation and they

15  could offer evidence on behalf of the corporation and compel

16  witnesses to come to court and testify if the corporation or

17  its attorneys thought there was evidence that might help it in

18  this case.

19          Do you understand that?

20          MS. KILFOYLE:  Yes, Your Honor.

21          THE COURT:  At a trial, the corporation would have

22  the right to provide testimony on its behalf if it wished to

23  do so.  On the other hand, it could not be forced to be a

24  witness at its own trial or present any testimony whatsoever.

25  This is because under the constitution and laws of the United

1   States, no individual or corporation can be compelled to be a

2   witness against itself.  If the corporation wished to go to

3   trial but chose not to provide a defense, I would instruct the

4   jury that they could not hold that against it.

5           Do you understand that?

6           MS. KILFOYLE:  Yes, Your Honor.

7           THE COURT:  Okay.  If instead of going to trial the

8   corporation pleads guilty to the crime charged and if I accept

9   the guilty plea of the corporation, it will be giving up its

10  right to a trial and all the other rights that I have just

11  discussed.  There will be no trial in this case.  As far as

12  the corporation is concerned, there will be no appeal on the

13  question of whether it did or did not commit this crime.  The

14  only reason that it could appeal would be if it thought the

15  Court did not properly sentence it taking into account its

16  agreement with the government in the plea agreement.

17          Do you understand that?

18          MS. KILFOYLE:  Yes, Your Honor.

19          THE COURT:  Okay.  Anything else?

20          MR. LOONAM:  Your Honor, just, I think, prior to the

21  allocution, a representation that the corporation is satisfied

22  with its representation.

23          THE COURT:  That is usually the first question I

24  ask.

25          Is the corporation satisfied by its representation

26

1    of the attorneys of Gibson Dunn?

2              MS. KILFOYLE:  It is, Your Honor.

3              THE COURT:  There you go.

4              Now, let me go back to the plea.  I am going to ask

5    you once again to plead.

6              How does the OZ Africa Management GP, LLC plead as

7    to the sole count of information, guilty or not guilty?

8              MS. KILFOYLE:  Guilty, Your Honor.

9              THE COURT:  And is it making this plea voluntarily

10   and of its own free will?

11             MS. KILFOYLE:  It is, Your Honor.

12             THE COURT:  Has anyone threatened or forced it to

13   plead guilty?

14             MS. KILFOYLE:  No, Your Honor.

15             THE COURT:  Other than the agreement, has anyone

16   made any promise that made the corporation plead guilty?

17             MS. KILFOYLE:  No, Your Honor.

18             THE COURT:  Has anyone made any promise as to the

19   sentence it will receive other than that which is set forth in

20   the 11(c)(1)(C) agreement?

21             MS. KILFOYLE:  No, Your Honor.

22             THE COURT:  Okay.  So, now you get to tell me by way

23   of counsel's statement which I will ask you if you adopt what

24   the corporation did to commit the crime charged in the sole

25   count of information.

1          Thank you, Mr. Loonam.

2          MR. LOONAM:  Yes.

3          MR. SCHONFELD:  Your Honor, in summary, in 2007,

4   OZ Africa GP LLC, the defendant, and other affiliated entities

5   created a joint venture which established investment funds

6   called Africa Global Capital, which I'll refer to as AGC, to

7   invest in companies in the African mining and mineral assets

8   sector.

9          As part of this joint venture, two former employees

10  of Och-Ziff, the parent company, and agents of OZ Africa and

11  AGC referred to in the information as Employee Three and

12  Employee Five discussed with a prospective partner in the

13  Democratic Republic of the Congo or the DRC and referred to in

14  the information as the DRC partner, they discussed forming a

15  joint venture for the purpose of acquiring and consolidating

16  valuable mining assets in the DRC.  The premise of the

17  proposed joint venture was that the DRC partner had access to

18  investment opportunities in the DRC through his relationships

19  with officials of the DRC government.  In return for access to

20  these investment opportunities, AGC or hedge funds managed by

21  OZ Management would finance DRC partners' operations in the

22  DRC.

23         As described in the information, Employee Three and

24  Employee Five understood that as part of this contemplated

25  relationship, funds from AGC or Och-Ziff-managed hedge funds

1    would be used to pay substantial sums of money to DRC

2    government officials to secure access to these opportunities

3    in the DRC.

4            In 2008 and 2010, AGC and Och-Ziff managed hedge

5    funds loaned funds to entities controlled by the DRC partner.

6    As described in the information, the DRC partner used portions

7    of the loaned funds to make improper payments to officials in

8    the DRC.  Although the parties never entered into a formal

9    written partnership agreement, by agreeing, as a result of

10   agreeing to the corrupt arrangement with the DRC partner,

11   Employee Three and Employee Five secured the opportunity for

12   long-term deal flow in the DRC.

13           THE COURT:  Long term what?

14           MR. SCHONFELD:  Deal flow.

15           THE COURT:  What is deal flow?

16           MR. SCHONFELD:  Investment opportunities.

17           THE COURT:  Thank you.

18           MR. SCHONFELD:  These events began in or about

19   December 2007 and ended in or about February 2013 and included

20   on or about April 17, 2008, an entity under the management and

21   control of the defendant OZ Africa sent a wire transfer in the

22   amount of $15,750,000 from Barclays Bank in Guernsey to an

23   account in the name of the DRC partners' law firm in

24   Gibraltar.

25           I understand that the government's proof includes

1  evidence that the participants in the offense knowingly and

2  willfully made use in or through the Eastern District of

3  New York through the mails and means and instrumentalities of

4  interstate commerce in furtherance of the conspiracy alleged

5  in the information.

6  In conclusion, Your Honor, I would like to emphasize

7  that since the events described in the criminal information

8  and the plea agreement, Och-Ziff has taken substantial

9  remedial efforts to improve its compliance program to ensure

10  that something like this cannot happen again and Och-Ziff will

11  continue to do so, in part, under the supervision of this

12  court consistent with the deferred prosecution agreement which

13  will be the next matter presented to the Court.

14  THE COURT:  And as to venue, you waive any objection

15  to venue, is that right?

16  MR. SCHONFELD:  That's right, Your Honor.

17  THE COURT:  All right.

18  Ms. Kilfoyle, you heard the allocution read by your

19  counsel.  Is that the allocution of the corporation OZ Africa

20  Management GP, LLC?

21  MS. KILFOYLE:  Yes, Your Honor.

22  MR. LOONAM:  Yes, Your Honor, we agree the

23  allocution is sufficient.

24  THE COURT:  Okay.

25  All right.  Based on the information that has been

30

1    given to me by the authorized representative of the defendant,

2    I find that it is acting voluntarily, that it fully

3    understands the charge, its rights and the consequences of its

4    plea.  There is, moreover, a factual basis for its plea.  I,

5    therefore, accept the plea of guilty to the sole count of the

6    information by OZ Africa Management GP, LLC.

7            Okay.  Now, with regard to sentencing?

8            MR. LOONAM:  Yes, Your Honor.  The parties agree

9    that sentencing should be put out six months from today.

10           Och-Ziff is currently seeking regulatory waivers

11   from the Department of Labor or intends to seek waivers from

12   the Department of Labor with respect to certain status and so

13   in order to give them time to seek these waivers which would

14   have an impact on their business, we think sentencing should

15   be put out for six months and in the interest of disclosure,

16   if six months out the Department of Labor has not responded to

17   the application but Och-Ziff is diligently pursuing the

18   application, the government intends to consent to an

19   additional adjournment.

20           THE COURT:  That's fine, but let me give you a date

21   so that we have a date from which to work.

22           MR. LOONAM:  Yes, Your Honor.

23           THE COURT:  Wednesday, March 29th, 2017, at

24   2:00 p.m. for sentencing.

25           As I have previously indicated, request to waive a

1   presentence report is granted subject to any information the

2   Court may need specifically which it will address to the

3   parties.

4           MR. LOONAM:  Yes, Your Honor.

5           THE COURT:  All right.  I am going to return the

6   plea agreement to the government and request a photostatic

7   copy for the Court's file.

8           MR. LOONAM:  Yes, Your Honor.

9           THE COURT:  All right.  So, now I have in front of

10  me a deferred prosecution agreement in 16-CR-516, United

11  States of America against Och-Ziff Capital Management Group

12  LLC.

13          MR. LOONAM:  Yes, Your Honor.

14          THE COURT:  It has been marked as Court's Exhibit

15  No. 2.  It is dated today, September 29, 2016.

16          Tell me about it.

17          MR. LOONAM:  Yes, Your Honor.  So, we're currently,

18  you know, on to the second matter.  United States versus

19  Och-Ziff Capital Management Group LLC which is 16-CR-516 and

20  once the defendant waives indictment, they will have a pending

21  information against them.  In the information, the conduct is

22  broader than the conduct that we just discussed for OZ Africa

23  and so let me just walk through what the information

24  contemplates.

25          Count One of the information is a conspiracy to

1  bribe DRC government officials which is the same conduct we

2  just described for Your Honor during which Och-Ziff agents

3  agreed with another, their business partner, to fund

4  transactions and to provide money they knew would be used to

5  pay bribes to high level officials within the government of

6  the Democratic Republic of the Congo in order to obtain

7  mineral rights for a joint venture that they were

8  contemplating.  To clarify, they loaned money in the form of

9  convertible loan from a joint venture and it was the entity

10  that they loaned the money to that obtained the mineral

11  assets.

12        With respect to Count Two, Count Two relates to a

13  separate conspiracy.  It's a conspiracy to bribe Libyan

14  government officials.  With respect to this Count, a

15  high-ranking Och-Ziff employee agreed with an intermediary, an

16  agent that he retained on behalf of Och-Ziff to pay

17  high-ranking government officials in Libya so that the Libyan

18  Sovereign Wealth Fund would make an investment into Och-Ziff

19  hedge funds, namely, a $300 million investment.

20        Then with respect to Count Three and Count Four,

21  these are books and records and internal control provision,

22  the alleged books and records and internal control provision

23  violations for the FCPA.  So, with respect to the conduct in

24  Libya and the DRC as well as conduct that occurred in Chad and

25  Niger, Och-Ziff failed to keep proper books and records

1  insofar as bribe payments and payments to reimburse parties

2  for expenditures that were, in fact, bribe payments were not

3  accurately recorded on Och-Ziff's books and records and that

4  their, the internal controls that were implemented were not

5  sufficient to stop the conduct and that the internal controls

6  that existed to a certain extent were not enforced to stop the

7  conduct.

8          So, that's the charges contained in the information

9  that will be pending.  Pursuant to the deferred prosecution

10  agreement, the government has agreed to stay any trial and

11  prosecution of this matter for three years to give the

12  defendant, Och-Ziff, time to demonstrate good behavior.  The

13  company has adopted all sorts of additional remedial measures

14  to address problems with their internal controls and how high

15  risk transactions are addressed internally within the

16  corporate system.

17          In addition, the deferred prosecution agreement

18  calls for an independent compliance monitor, somebody that's

19  going to come in, take a look at Och-Ziff, took a look at

20  their internal controls on an ongoing basis to make sure that

21  this sort of conduct can't occur.

22          THE COURT:  Who is going to select this monitor?

23          MR. LOONAM:  Well, so, it's a process that's spelled

24  out here.  The company is going to propose candidates that the

25  government will have some say in determining whether or not

1   they are qualified in selecting the monitor, but all the

2   procedures are laid out here.

3          THE COURT:  All right.

4          MR. LOONAM:  In the first instance though it's the

5   company that selects I think three candidates that they'll

6   propose to the government and we'll select from one of those

7   three and if we're not happy with the three, we'll go back to

8   the company and they'll propose additional candidates.

9          So, at the end of the three-year period, if the

10  government determines that Och-Ziff has been fully compliant

11  with the terms of the deferred prosecution agreement which

12  calls for full cooperation, they have to report any

13  discoveries of bribery conduct and can't have any further

14  instances like those described in the information, the

15  government will dismiss the pending information and not

16  proceed with prosecution.  If there's a violation of the

17  deferred prosecution agreement, the government could seek to

18  extend the term of the deferred prosecution agreement or could

19  determine that it's going to go and move forward on the

20  charges set forth in the information.

21         So those are the options of how this could play out,

22  Your Honor.

23         THE COURT:  Okay.

24         All right.  Well, before we go into the information,

25  first we have to have an arraignment on the information.

35

1           Mr. Schonfeld, have you provided the information to
2   your client?
3           MR. SCHONFELD:  Yes, Your Honor.
4           THE COURT:  And discussed it with your client?
5           MR. SCHONFELD:  Yes, Your Honor.
6           THE COURT:  And answered all your client's questions
7   about it?
8           MR. SCHONFELD:  Yes.
9           THE COURT:  And the -- now, Ms. Kilfoyle, you are
10  already under oath and so I will ask you questions under oath.
11  Do you understand that?
12          MS. KILFOYLE:  Yes, Your Honor.
13          THE COURT:  Has the corporation Och-Ziff Capital
14  Management Group LLC received the information?
15          MS. KILFOYLE:  Yes, Your Honor.
16          THE COURT:  Okay.  And discussed it with counsel?
17          MS. KILFOYLE:  Yes, Your Honor.
18          THE COURT:  I am going to ask counsel.
19          How does Och-Ziff Capital Management plead?
20          MR. SCHONFELD:  Not guilty, Your Honor.
21          THE COURT:  All right.  Do you waive the reading of
22  the information?
23          MR. SCHONFELD:  Yes, Your Honor.
24          MR. LOONAM:  Your Honor, if we could just formally
25  go through the waiver of indictment.

36

1          THE COURT:  We have to go through it.

2          MR. LOONAM:  Yes, sir.

3          THE COURT:  That's next.

4          There is not going to be a plea.  Is there going to

5     be a plea?

6          MR. SCHONFELD:  No, Your Honor.

7          MR. LOONAM:  No, Your Honor, but we need to --

8          THE COURT:  No, I am going to go over it.  It's

9     right here.

10          MR. LOONAM:  Yes, sir.

11          THE COURT:  So, I am going to ask a few questions of

12    Ms. Kilfoyle.

13          First of all, are you satisfied with the assistance

14    your attorneys have given the corporation thus far in this

15    matter?

16          MS. KILFOYLE:  Yes, Your Honor.

17          THE COURT:  Okay.  Good.  I am going to go over some

18    rights the corporation has.

19          All right.  The corporation has a constitutional

20    right to be charged by an indictment of a grand jury but can

21    waive that right and consent to being charged by the

22    information of the U.S. Attorney.  Instead of an indictment,

23    these felony charges have been brought against the corporation

24    by the U.S. Attorney by the filing of an information.  Unless

25    it waives indictment, it may not be charged with a felony

1    unless the grand jury finds by the return of an indictment

2    that there is probable cause to believe that a crime has been

3    committed and that the corporation committed it.  If it does

4    not waive indictment, the government may present the case to

5    the grand jury and ask it to indict the corporation.

6              The grand jury is composed of 16 but not more than

7    23 persons and at least 12 grand jurors must find that there

8    is probable cause to believe that the corporation committed

9    the crimes with which it is charged.  Before it may be

10   indicted, the grand jury might or might not indict the

11   corporation.  If the corporation waives indictment by the

12   grand jury, the case would proceed against it on the

13   U.S. Attorney's information just as though it had been

14   indicted.

15             So, Ms. Kilfoyle, has the corporation discussed

16   waiving an indictment by the grand jury with its attorneys?

17             MS. KILFOYLE:  Yes, Your Honor.

18             THE COURT:  Does the corporation understand its

19   right to an indictment by a grand jury?

20             MS. KILFOYLE:  Yes, Your Honor.

21             THE COURT:  Have any threats or promises been made

22   to induce it to waive indictment?

23             MS. KILFOYLE:  No, Your Honor.

24             THE COURT:  And does it wish to waive indictment?

25             MS. KILFOYLE:  Yes, Your Honor.

38

1          THE COURT:  So, I have in front of me a waiver of

2    indictment in 6-CR-516, United States of America versus

3    Och-Ziff Capital Management Group LLC.  It's dated today,

4    September 29, 2016, and I'm going to hand it to Ms. Kilfoyle

5    and her attorney.

6          MS. KILFOYLE:  It's "Kilfoyle," Your Honor.

7          THE COURT:  Yes.  All right.  Sorry about that.

8          All right.  Ms. Kilfoyle, have you read this

9    document?

10          MS. KILFOYLE:  I have, Your Honor.

11          THE COURT:  And discussed it with the corporation's

12    attorney?

13          MS. KILFOYLE:  Yes, Your Honor.

14          THE COURT:  And is that your signature by your name?

15          MS. KILFOYLE:  It is.

16          THE COURT:  And did you sign it today?

17          MS. KILFOYLE:  I did.

18          THE COURT:  And, Mr. Schonfeld, did you also sign

19    the waiver?

20          MR. SCHONFELD:  I did.

21          THE COURT:  Please return it to me.

22          I find that the corporation, the defendant has

23    knowingly, intentionally and voluntarily waived indictment by

24    the grand jury.

25          Okay.  Next?

1    MR. LOONAM:  So, I think we've already covered the

2    arraignment on the information.  So I think, Your Honor, the

3    government moves to admit and enter into the record the

4    deferred prosecution agreement.

5    THE COURT:  All right.

6    MR. LOONAM:  And the last thing we need to do with

7    respect to that is, Your Honor, since this matter is going to

8    be pending for three years, the government moves to exclude

9    time under the Speedy Trial Act which allows for time to be

10   excluded if there's a written agreement between the parties to

11   defer prosecution to allow the defendant to demonstrate good

12   conduct and that's pursuant to Title 18 United States Code

13   3161(h)(2).

14   So, I think it's appropriate to exclude time from

15   now until three years from now, September 29, 2019.

16   THE COURT:  Until September 29th.

17   MR. LOONAM:  2019.

18   THE COURT:  2019?

19   MR. LOONAM:  Correct, Your Honor.

20   THE COURT:  Do we know what date of the week that

21   is?

22   MR. LOONAM:  Actually, I don't.

23   MR. COHEN:  I can look it up, Your Honor.

24   Your Honor, that would be a Sunday so perhaps it

25   should be the 30th.

1          MR. LOONAM:  So the 30th.  Well done, but we're just

2     excluding time.

3          THE COURT:  I never excluded time for that length of

4     time.  We will get to that.

5          Who is going to speak on this?

6          MR. SCHONFELD:  I will, Your Honor.

7          THE COURT:  Mr. Schonfeld?

8          MR. SCHONFELD:  Yes.

9          THE COURT:  Mr. Schonfeld, let me just hand you the

10    deferred prosecution agreement, Exhibit 2, and I note that the

11    defense has signed it.

12         MR. SCHONFELD:  Yes, we have.

13         THE COURT:  And the government has signed it,

14    correct?

15         MR. SCHONFELD:  Yes.

16         MR. LOONAM:  Yes.

17         THE COURT:  And you have discussed it with your

18    client?

19         MR. SCHONFELD:  Yes, we have.

20         THE COURT:  And your client agrees to it?

21         MR. SCHONFELD:  Yes.

22         THE COURT:  Do you want to bring anything to my

23    attention about it before --

24         MR. SCHONFELD:  No.

25         THE COURT:  -- I order that it be filed?

41

1          MR. SCHONFELD:  Nothing else, Your Honor.

2          MR. LOONAM:  Yes, Your Honor, order that it's filed.

3          THE COURT:  Okay.  The agreement is ordered filed

4    with the Clerk of the Court.

5          All right.  Do you agree to the exclusion of time

6    for three years?

7          MR. SCHONFELD:  Yes, we do, Your Honor.

8          THE COURT:  All right.  Time is excluded under the

9    Speedy Trial Act in the interest of justice pursuant to the

10   deferred prosecution agreement that has been approved by all

11   the parties between now and September 30, 2019.

12         MR. LOONAM:  Correct, Your Honor.

13         THE COURT:  So ordered.

14         MR. LOONAM:  Thank you.

15         THE COURT:  Now, let me just ask --

16         MR. SCHONFELD:  Shall I hand this back?

17         THE COURT:  Yes.  Yes, please do.

18         Under this agreement, there are requirements for

19   reports.  How does that work?

20         MR. LOONAM:  Those reports will go to the

21   government, Your Honor, as we are assessing compliance with

22   the terms of the deferred prosecution agreement and the

23   options the government has of whether to extend the agreement

24   or whether to hold the defendant in breach of the agreement

25   and proceed with a prosecution.  So we review those reports to

42

 1  determine how the company is doing and what action, if any, we

 2  need to take.

 3           THE COURT:  Ms. Kilfoyle, you did not sign that

 4  agreement, it was signed by someone else, correct?

 5           MS. KILFOYLE:  That's correct, Your Honor.

 6           THE COURT:  But you represent that it is the

 7  agreement is the corporation's agreement?

 8           MS. KILFOYLE:  Yes, Your Honor.

 9           THE COURT:  With the government, isn't that right?

10           MS. KILFOYLE:  Correct, Your Honor.

11           THE COURT:  I just wanted to double check that.

12           The Court will not have a role in this unless and

13  until something needs to be brought to the Court's attention,

14  I take it.

15           MR. LOONAM:  That's correct, Your Honor, and that's

16  consistent, I believe, with the recent ruling in the United

17  States v. Fokker case.

18           THE COURT:  In which district?

19           MR. WARIN:  In the D.C. Circuit, Your Honor.

20           MR. LOONAM:  In the D.C. Circuit, yes.

21           THE COURT:  Well, District of Columbia Circuit

22  doesn't have jurisdiction over this court.

23           MR. LOONAM:  Absolutely.

24           THE COURT:  However, certainly it is persuasive.

25           MR. LOONAM:  Yes, Your Honor, and this issue, you

43

1  know, doesn't come up all that often and it's the most

2  definitive holding on this matter that's out there, I think.

3          THE COURT:  Right, and the Court agrees.

4          All right.  What else do we have to do today?

5          MR. LOONAM:  Nothing else.  Thank you, Your Honor,

6  for accommodating us on short notice.

7          MR. COHEN:  Thank you.

8          THE COURT:  Well, I could have put it off but I note

9  that there was extensive coverage of this in advance of the

10  pleading and it was my belief that the best avenue in dealing

11  with the case was to have the proceeding now on time and so

12  there would be no misunderstanding about anything that you

13  planned to do today.

14          MR. LOONAM:  Thank you, Your Honor, and that's

15  greatly appreciated.

16          MR. SCHONFELD:  Yes, thank you very much.

17          THE COURT:  All right.  Thank you.  Have a nice day

18  everybody.

19          MR. SCHONFELD:  Thank you, Your Honor.

20          MS. KILFOYLE:  Thank you, Your Honor.

21          (Matter concluded.)

22

23

24

25

CMH      OCR      RMR      CRR      FCRR

*I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.*
/s/ Charleane M. Heading   October 3, 2016