

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2016R00709

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2018

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. OZ Africa Management GP, LLC
              Criminal Docket No: 16-515 (NGG)

Dear Judge Garaufis:

        The government respectfully submits this letter in advance of the sentencing hearing scheduled in the above-captioned matter for March 7, 2018, at 3:00 p.m.[1] The parties have entered into an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (the "Plea Agreement" or "PA") that sets forth an agreed-upon sentence for the defendant OZ Africa Management GP ("OZ Africa"). The parent company of the defendant, Och-Ziff Capital Management Group, LLC ("Och-Ziff") entered into a three-year deferred prosecution agreement (the "DPA") simultaneous to the guilty plea by the defendant. See United States v. Och-Ziff Capital Management Group LLC, 16-CR-516 (NGG). As part of the DPA, Och-Ziff paid a criminal penalty of $213,055,689 and retained an independent compliance monitor for a period of three years. That monitor, who sits at the parent level, has a mandate that covers all Och-Ziff subsidiaries, including the defendant. For the reasons set forth below, the parties' sentencing recommendation set forth in the Plea Agreement, which takes into account the financial penalties imposed to date on Och-Ziff, is sufficient but not greater than necessary to punish OZ Africa for conspiring to violate the anti-bribery provisions of the Foreign Corrupt Practices Act ("FCPA").

I.    Factual Background

        As set forth in the statement of facts supporting the plea, Och-Ziff was one of the largest alternative asset and hedge fund managers in the world. Och-Ziff was a publicly traded hedge fund and an "issuer" under the FCPA, 15 U.S.C. §§ 78dd-1(a) and 78m(b).

---

    [1] This letter is submitted in conjunction with a simultaneously filed letter concerning the appropriateness of restitution in the Court's sentence of the defendant.

Hon. Nicholas G. Garaufis
March 2, 2018
Page 2

Och-Ziff created the defendant, OZ Africa, an entity without significant current operations, in connection with the hedge fund's foray into Africa mining and natural resource investments. Between 2007 and 2013, the defendant conspired with an individual referred to in the statement of facts as "DRC Partner" to pay bribes to DRC officials in exchange for opportunities in the government-controlled mining sector in the DRC. In connection with the scheme, the defendant provided more than $124 million in funds to DRC Partner for his illicit activities. Och-Ziff earned profits totaling $91,181,182 in connection with the conspiracy to bribe DRC officials in violation of the FCPA.

II.     Procedural History

The criminal investigation against Och-Ziff corporate entities concluded on September 29, 2016, when the government entered into two separate agreements with Och-Ziff entities. First, the Och-Ziff parent company entered into the three-year DPA. See United States v. Och-Ziff Capital Management Group LLC, 16-CR-516 (NGG). Second, the defendant pleaded guilty, pursuant to the Plea Agreement, to a one-count information.

The Plea Agreement provides that the parties will not recommend a fine to the Court, on account of the separate penalty of approximately $213 million that the Och-Ziff parent company paid pursuant to the DPA. That penalty exceeded the maximum fine that could be imposed against the defendant ($182,362,364). Because the conduct by OZ Africa overlapped that which was admitted to by Och-Ziff in the DPA, the government and Och-Ziff agreed that, to avoid a duplicative penalty, any fine imposed by the Court on the defendant could be satisfied by transferring part of the penalty to satisfy the fine. See DPA ¶ 7 ("The parties agree that any criminal fine that might be imposed by the Court against OZ Africa Management GP, LLC, in connection with its guilty plea and plea agreement, will be paid from the $213,055,689 monetary penalty held in the escrow account and that any remaining balance will be transferred from the escrow account within ten (10) days of entry of the judgment to the United States Treasury."). Although the DPA stated that the penalty payment would be held in an "escrow account," the parties encountered logistical issues when attempting to set up an escrow account after the DPA was signed. The government and Och-Ziff subsequently agreed that the DPA penalty would be paid into a "suspense account" pending the sentencing of the defendant. Any fine imposed by the Court would be satisfied through the transfer of funds from the penalty currently being held in the suspense account.

At the September 29, 2016 plea hearing, the Court accepted the defendant's plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), noting its willingness to do so due to the complexity of the case. As outlined in the government's restitution letter, which it is filing simultaneously, former shareholders of a company involved in DRC mining have made a request for restitution.

Hon. Nicholas G. Garaufis
March 2, 2018
Page 3

III. <u>Applicable Guidelines Range and Proposed Sentence</u>

As set forth in the Plea Agreement, the defendant's applicable Guidelines offense level can be calculated as follows:

<u>Offense Level—Bribery Conduct (Highest Offense Level)</u>. Based upon USSG § 2C1.1, the total offense level is 42, calculated as follows:

| | | | |
|---|---|---|---|
| (a)(2) | Base Offense Level | | 12 |
| (b)(1) | More than One Bribe | | +2 |
| (b)(2) | Value of Benefit more than $65,000,000 | | +24 |
| (b)(3) | High Level Official Involved | | +4 |
| | **Total Offense Level** | | **42** |

<u>Base Fine</u>. Based upon USSG § 8C2.4(a)(2), the base fine is $91,181,182.

<u>Culpability Score</u>. Based upon USSG § 8C2.5, the culpability score is 4, calculated as follows:

| | | | |
|---|---|---|---|
| (a) | Base Culpability Score | | 5 |
| (b)(3) | 10 or More Employees and Participation by High-Level Personnel | | +1 |
| (g)(2) | Cooperation and Acceptance | | -2 |
| | **TOTAL** | | **4** |

<u>Calculation of Fine Range</u>:

| | |
|---|---|
| Base Fine (USSG § 8C2.4(a)(2)) | $91,181,182 |
| Multipliers (USSG § 8C2.6) | 0.8 (min)/1.6 (max) |
| Fine Range (USSG § 8C2.7) | $72,944,946 to $145,889,891 |

Pursuant to the DPA, Och-Ziff, directly or through an affiliate, agreed to pay a penalty of $213,055,689 relating to the same underlying conduct described herein and certain additional conduct. Thus, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to recommend jointly that the Court not impose a criminal fine

Hon. Nicholas G. Garaufis
March 2, 2018
Page 4

on the defendant, because its parent company, Och-Ziff, has already paid a monetary penalty in the amount of $213,055,689 under the terms specified in the DPA.

IV.     The Proposed Sentence is Appropriate

The parties arrived at the proposed sentence based in part on the application of the Principles of Federal Prosecution of Business Organizations, U.S.A.M. 9-28.000 (the "Principles of Federal Prosecution").  The sentence, which was effectively applied in the DPA in the form of the penalty, followed the Guidelines.  As a result, the proposed sentence will avoid unwarranted sentencing disparities with future defendants in the same situation.  See 18 U.S.C. § 3553(a)(6).  The proposed sentence is also appropriate given the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence of similar conduct.  See 18 U.S.C. §§ 3553(a)(1) & (a)(2).

A.     Consideration the Principles of Federal Prosecution

As noted above and set forth in the Plea Agreement, the proposed criminal penalty reflected a 20 percent discount off the bottom of the applicable Sentencing Guidelines fine range.  The basis for the discount was described in paragraph 6 of the Plea Agreement, which described that although Och-Ziff and the defendant did not voluntarily self-disclose to the Offices the misconduct at issue, the companies' cooperation with the government's investigation, which included Och-Ziff's Audit Committee's very thorough and comprehensive internal investigation through its counsel, the collection and production of voluminous evidence located in foreign countries, and efforts to make current and former employees available for interviews, materially assisted the government's investigation.  The Plea Agreement also highlighted that Och-Ziff engaged in significant remediation to improve its compliance program and internal controls, and that no Och-Ziff entity had any prior criminal history.

The Plea Agreement took into account the seriousness of the offense – an extensive and egregious bribery scheme spanning multiple years to secure tens of millions of dollars in profits.  It also reflected the nature of the misconduct, including the involvement of a high-level Och-Ziff executive.  Given the significant nature and extent of the misconduct, prosecution of individuals and/or civil and regulatory remedies were insufficient alone to achieve a fair and just outcome and promote respect for the law.

It must also be noted that Och-Ziff made a commitment to significant, ongoing improvement of its compliance program and controls through the retention of the independent compliance monitor.  The monitor's work is currently ongoing.

### B. Application of the 3553(a) Factors

The proposed sentence is fully consistent with 18 U.S.C. § 3553(a), as it is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.

The resolution in this case was significant and tailored to the offense and the industry in which the crime occurred. Given the nature and circumstances of the offense and the history and characteristics of the defendant, this sentence accomplishes the purposes of 18 U.S.C. § 3553(a)(2), including the need for general deterrence given the difficulty of detecting and prosecuting sophisticated fraud schemes such as this one. See, e.g., Harmelin v. Michigan, 501 U.S. 957, 988 (1991) (noting that "since deterrent effect depends not only upon the amount of the penalty but upon its certainty, crimes that are less grave but significantly more difficult to detect may warrant substantially higher penalties").

### V. Conclusion

For the reasons set forth above, the government respectfully request that the Court impose the proposed sentence.

Respectfully submitted,

| | |
|---|---|
| RICHARD P. DONOGHUE | SANDRA L. MOSER |
| United States Attorney | Acting Chief, Fraud Section |
| Eastern District of New York | Criminal Division |
| | U.S. Department of Justice |
| | |
| /s/ David C. Pitluck | /s/ Gerald M. Moody, Jr. |
| David C. Pitluck | Gerald M. Moody, Jr. |
| James P. McDonald | Trial Attorney |
| Jonathan P. Lax | |
| Assistant U.S. Attorneys | |

cc:   Clerk of the Court (NGG) (by ECF)
       All Counsel of Record (by ECF)