

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

July 19, 2018

<u>**VIA CM/ECF**</u>

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*United States v. OZ Africa Management GP, LLC*</u>, No. 1:16-cr-00515-NGG

Dear Judge Garaufis:

    We write of behalf of approximately 50 former equity holders of Africo Resources, Ltd. (the "Africo Owners"). While we have previously provided the Court with three lengthy submissions in support of the Africo Owners' petition for victim status and restitution (ECF Nos. 26, 43, 46), we are compelled to briefly respond to the government's July 13, 2018 letter to the Court ("Gov. 7/13/18 Ltr.") (ECF No. 48).

    On July 6, 2018, the Court ordered the government to respond to our detailed, 88-page June 28, 2018 submission (the "Africo Owners' 6/28/18 Ltr.") (ECF No. 46), and address the impact of the additional evidence we presented on the government's preliminary conclusions regarding the Africo Owners' victim status. Unfortunately, despite the Court's Order, and the three months the government had to consider the additional evidence, the government's entire "analysis" boils down to three sentences:

> The Claimants' new evidence appears to show that Akam bought Africo's interest in Kalakundi [sic] for $600,000 through an auction held by a DRC court, which apparently sold Kalakundi [sic] for the benefit of the Former Employee. . . . Whether the Former Employee directly sold Kalakundi [sic] to Akam, or the DRC court sold Kalakundi [sic] to Akam for the benefit of the Former Employee, the result is the same. The government remains unaware of any evidence establishing a causal connection between the initial taking of Kalakundi [sic] from Africo and the actions of the defendant or its co-conspirators.

Gov. 7/13/18 Ltr. at 1.

    Of course, the government's cursory and summary conclusion entirely ignores most of the information presented by the Africo Owners. First, the evidence did not simply show that "the DRC court sold Kalakundi [sic] to Akam for the benefit of the Former Employee[.]" Rather, it showed

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Nicholas G. Garaufis
July 19, 2018
Page 2 of 3

that Akam, not the Former Employee, was the party that corruptly first seized control of the mine away from Africo, and that Akam was able to achieve that result through a sham auction "orchestrated" by a DRC public official for Akam's benefit. Africo Owners' 6/28/18 Ltr. at 3-6. Moreover, the additional evidence confirmed that Akam was, in fact, one of the defendant's co-conspirators and that its corrupt actions were entirely foreseeable by the defendant. *Id.* at 6-7 & n.5. The government's July 13, 2018 Letter does not dispute, and indeed, ignores this fact, just as it ignores the well-settled case law that a defendant is liable for the reasonably foreseeable actions of its co-conspirators that predate the defendant's joining the conspiracy. *Id.* at 2, 6 (citing *United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000); *United States v. Gushlak*, No. 03-CR-833 (NGG), 2011 WL 782295, at *3 (E.D.N.Y. Feb. 24, 2011); *United States v. Bengis*, 783 F.3d 407, 413 (2d Cir. 2015)); *see also*, *e.g.*, *United States v. Fiumano*, 721 F. App'x 45, 52-53 (2d Cir. 2018) (defendant liable for losses occurring before he joined charged conspiracy because the defendant knew or reasonably should have known that fraudulent activity occurred before he joined the fraud scheme). Indeed, in light of Akam's role in the conspiracy, the government's pronouncement that it remains "unaware of evidence establishing a causal connection between the initial taking of Kalakundi [sic] from Africo and the actions of the defendant *or its co-conspirators*" is incomprehensible. Gov. 7/13/18 Ltr. at 1 (emphasis added).

The government's July 13, 2018 Letter to the Court also fails to acknowledge or address the additional information that confirms that, but for the defendant's illegal bribes to the DRC Supreme Court, Africo would have regained control of its asset six days *before* the shareholder vote. By paying to delay the DRC Supreme Court decision, the conspirators left the Africo Owners with no choice but to sell to Gertler (and, it turns out, Och-Ziff) in a transaction that valued their interests for pennies on the dollar. Africo Owners' 6/28/18 Ltr. at 7-9 & n.6. Thus, even adopting the government's "two-conspiracy theory," the Africo Owners were directly and proximately harmed by the defendant's illicit bribes. And, if the Africo Owners were directly and proximately harmed by the defendant's crime – even by a single dollar, let alone $600 million – then they qualify as victims under the CVRA and MVRA and an effort must be undertaken to ascertain the amount of money that will make them whole. The government – whatever its reasons – continues to refuse to undertake that effort and, together with the defendant, urges this Court to do the same.

The government's flippant response to our latest submission and the Court's July 6, 2018 Order, as well as its continued unwillingness to vindicate our clients' rights and hold the defendant fully accountable for its crime as the law requires, is, of course, disappointing. But respectfully, at this juncture, it is largely beside the point. We take solace in knowing that it is the Court, not the government (or the defendant), who ultimately determines whether and to what extent the Africo Owners are victims of the defendant's outrageous crime. *See Fed. Ins. Co. v. United States*, 882 F.3d 348, 359 (2d Cir. 2018) ("[P]rocedural entitlements [in the CVRA] … have a significant effect on victims' ability to obtain restitution. By vesting a right in victims to obtain restitution as provided in, for example, the MVRA, the CVRA confers standing on victims to seek restitution on their own behalf, rather than relegating them to bystander status while the government decides, for its own reasons and pursuant to its own strategy, whether, for whom, and in what amount to seek restitution."). To that end, if there are any further unresolved factual issues that the Court believes

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

The Honorable Nicholas G. Garaufis
July 19, 2018
Page 3 of 3

are relevant to the resolution of the instant application, we are prepared to present evidence at a hearing. Likewise, we are, of course, available for oral argument should the Court deem it helpful.

      At the end of the day, when the Court steps back from all of the submissions, and considers that the defendant has admitted to bribing a court of law to delay and change a judicial ruling in order to obtain an asset – one that rightfully belonged to the Africo Owners and that the defendant otherwise could not obtain from the Africo Owners – the Africo Owners were obviously directly harmed, and harmed significantly. Indeed, that was precisely the goal of the defendant and its accomplices. The Africo Owners thus qualify as victims under the MVRA and CVRA, and are entitled to an Order of Restitution that attempts to make them whole.

      Thank you for your consideration.

      Respectfully submitted,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      *s/ Morris J. Fodeman*
      Morris J. Fodeman
      Michael S. Sommer

Cc:
For Och-Ziff Africa (via email):
F. Joseph Warin, Gibson, Dunn & Crutcher LLP
Joel M. Cohen, Gibson Dunn & Crutcher LLP
Lee G. Dunst, Gibson, Dunn & Crutcher LLP
Mark K. Schonfeld, Gibson, Dunn & Crutcher LLP
Daniel P. Harris, Gibson, Dunn & Crutcher LLP
Charles A. Gilman, Cahill Gordon & Reindel LLP
Anirudh Bansal, Cahill Gordon & Reindel LLP
Kevin J. Burke, Cahill Gordon & Reindel LLP
Samantha Lawson, Cahill Gordon & Reindel LLP

Cc:
For the United States Department of Justice (via email):
David C. Pitluck, Assistant U.S. Attorney
James P. McDonald, Assistant U.S. Attorney
Jonathan P. Lax, Assistant U.S. Attorney
Gerald M. Moody, Jr., Trial Attorney, Frauds Section, DOJ