UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

OZ AFRICA MANAGEMENT GP, LLC,

Defendant.

Case No.: 1:16-cr-00515-NGG

**MEMORANDUM OF LAW IN SUPPORT OF OZ AFRICA MANAGEMENT GP, LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 29, 2019 MEMORANDUM & ORDER**

Defendant OZ Africa Management GP LLC ("OZ Africa") respectfully requests that the Court reconsider its Memorandum & Order dated August 29, 2019. As discussed more fully below, an aspect of the Memorandum & Order is premised on a mistake of fact which, once corrected, could alter the Court's conclusion.

## Legal Standard

Local Criminal Rule 49.1(d) of the Rules of this Court provides:

A motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion.

In evaluating a motion for reconsideration in a criminal case, "'courts in this circuit apply the standards of Local Civil Rule 6.3 of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.'" *United States* v. *Robinson*, 2018 WL 5928120, at *19 (E.D.N.Y. 2018) (citation omitted). Accordingly,

[t]he standard for granting a motion for reconsideration "is strict, and

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" Reconsideration "is considered an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." "Ultimately, however, the decision on a motion for reconsideration is committed to the sound discretion of the district court."

*Id*. at \*19 (citations omitted).[1]

## The Factual Error in the Court's Memorandum & Order

The claimants "seek restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (the 'MVRA')." Memorandum & Order at 1.[2] A "victim" eligible for restitution is defined in the MVRA as "a person <u>directly</u> and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ."[3] It is well-settled that the MVRA "aims to limit restitution to those harms that 'ha[ve] a sufficiently close connection to the conduct at issue.'"[4]

---

[1] Correction of fact is an appropriate basis on which to grant a motion for reconsideration. *See Wilson* v. *City of New York*, 2010 WL 3585906, at \*6 (E.D.N.Y. Sept. 7, 2010) (granting in part and denying in part defendants' motion for reconsideration based on previously uncredited facts); *United States* v. *Walia*, 2014 WL 3563426, at \*4 (E.D.N.Y. July 18, 2014) (noting that the court granted defendant's motion for reconsideration after defendant introduced potential issues of fact); *United States* v. *Foreman*, 1997 WL 639025, at \*1 (S.D.N.Y. Oct. 15, 1997) (granting defendant's motion for reconsideration after defendant raised facts not considered in his original motion).

[2] "Federal courts have no inherent power to order restitution, which is traditionally a civil remedy. A sentencing court's power to order restitution, therefore, depends upon, and is necessarily circumscribed by, statute." *Federal Ins. Co.* v. *United States*, 882 F.3d 348, 366 (2d Cir. 2018) (citing *United States* v. *Zangari*, 677 F.3d 86, 91 (2d Cir. 2012)).

[3] 18 U.S.C. §§ 3663A(b)(1) & (a)(2) (emphasis added).

[4] *United States* v. *Stevens*, 739 F. App'x 44, 46 (2d Cir. 2018) (quoting *Robers* v. *United States*, 134 S. Ct. 1854, 1859 (2014)). *See United States* v. *Dharia*, 284 F. Supp. 3d 262, 271 (E.D.N.Y. 2018) (Weinstein, J.) ("As Congress made clear in the MVRA, not every person with a grievance against a defendant is entitled to criminal restitution. Only those '<u>directly</u> and proximately harmed as a result of the commission of an offense for which restitution may be ordered' may obtain restitution.") (emphasis added), *mandamus denied sub nom. In re PRP Brooklyn Eatery, LLC*, 2018 WL 2459564 (2d Cir. Apr. 2, 2018).

The claimants allege that they formerly owned stock in Africo Resources Ltd. ("Africo"), a Canadian public company, which, in turn, owned stock in Africo Resources (B.C.) Ltd., a Canadian private company, which, in turn, owned stock in a DRC company, H&J Swanepoel Family Trust, which, in turn, owned 75% of the stock in another DRC company, Swanmines s.p.r.l., which, in turn, purported to have a contract granting it mining rights in the Kalukundi property. *See* Corporate Structure Chart, Lawson Supplemental Declaration (ECF 41-2), at Ex. 25.

While the Court's Memorandum & Order recognized the "attenuated nature of the claimants' interest" in the mining rights (Memorandum & Order at 12), the Court stated that to reject the claimant's request for victim status based on this attenuation "would lead to absurd results," because the Court believed that Africo is "a defunct company" and thus could not itself be a victim under the MVRA. *Id.* at 12. This is incorrect, and seems based on a misstatement to the Court by the claimants. *See* Letter of Wilson Sonsini Goodrich & Rosati LP, dated February 16, 2018, ECF 26, at 22 (referring to claimants as "former shareholders of a defunct entity").

A defunct corporation is a corporation "whose registration with the state has been canceled" or that "has terminated all operations and been dissolved." *Defunct company*, *Black's Law Dictionary* (11th ed. 2019). Africo is not a defunct corporation. Attached hereto as Exhibit A is a Certification from the Government of Canada dated August 30, 2019 (the day after the Court's Memorandum & Order), showing that Africo is an "Active" corporation, alive and in good standing with the Government of Canada. Africo has a "Registered Office," has made all required annual filings through 2019, and has two directors. An earlier version of this Certification, dated March 5, 2019 and showing that Africo was also "Active" at that time, was filed with the Court by the Defendant on that same day. *See* Lawson Supplemental Declaration (ECF 41), at Ex.24.

Africo is presently a wholly-owned subsidiary of Eurasian Resources Group B.V. (previously known as Eurasian Natural Resources Corporation) and member of the Eurasian Resources Group, a diversified international natural resources producer with 70,000 people globally at operations on four continents, including 10,000 on the African continent. In July 2016, ERG purchased all of the outstanding shares of Africo that it did not already own in a transaction approved by Africo's shareholders and the Canadian courts under the Canada Business Corporation Act.

The Court's conclusion that rejecting the claimants' request for victim status would yield an "absurd result" was based on a clear factual error – that Africo is "a defunct company" and could not claim restitution itself. Because this is not accurate, rejecting the claimants' request for victim status would yield an entirely fair result, consistent with the well-established law that an attenuated, indirect injury such as that alleged by the claimants is not cognizable under the MVRA. *See United States* v. *Kasper*, 60 F. Supp. 3d 1177, 1179 (D. N.M. 2014) (denying victim status to sole shareholder of allegedly injured corporation because "[a] shareholder, even a sole shareholder, is not a corporation").

Indeed, if the Court concluded that shareholders are victims merely because they own shares in a victim corporation (which is a going concern), then all shareholders would be entitled to "be reasonably heard at any public proceeding," "confer with the attorney for the Government in the case," and receive "full and timely restitution" in their individual capacities, leaving the corporation without recourse. 18 U.S.C. § 3771(a). That is clearly not what the MVRA contemplates.

**Conclusion**

Defendant respectfully requests that the Court grant reconsideration of its Memorandum & Order dated August 29, 2019.

> Respectfully submitted,
>
> CAHILL GORDON & REINDEL LLP
>
> By: _____
> Charles A. Gilman
> Anirudh Bansal
> Samantha Lawson
> Benjamen Starkweather
> 80 Pine Street
> New York, New York 10005
> Tel.: (212) 701-3000
> *Attorneys for OZ Africa Management GP, LLC*

September 6, 2019

**Exhibit A**

Case 1:16-cr-00515-NGG Document 53 Filed 09/06/19 Page 7 of 10 PageID #: 697



# Government
## of Canada

# Gouvernement
## du Canada

Home ➔ Innovation, Science and Economic Development Canada ➔ Corporations Canada

➔ Search for a Federal Corporation

---

## Federal Corporation Information - 435867-8

Buy copies of corporate documents

 **Note**

This information is available to the public in accordance with legislation (see Public disclosure of corporate information).

**Corporation Number**
435867-8

**Business Number (BN)**
848853727RC0001

**Corporate Name**
AFRICO RESOURCES LTD.

**Status**
Active

**Governing Legislation**
*Canada Business Corporations Act* - 2006-07-04

# Registered Office Address

Care of: Getz Prince Wells
#530 - 355 Burrard Street
VANCOUVER BC V6C 2G8
Canada

 **Note**

Active CBCA corporations are required to <u>update this information</u> within 15 days of any change. A <u>corporation key</u> is required. If you are not authorized to update this information, you can either contact the corporation or contact <u>Corporations Canada</u>. We will inform the corporation of its <u>reporting obligations</u>.

## Directors

**Minimum**　　1
**Maximum**　　9

| | |
|---|---|
| Karim Zhanassov | Erik Gaustad |
| 1 Sturdee Avenue, Lower Building | 57/63 Line Wall Road |
| Rosebank 2196 | Gibraltar |
| South Africa | Gibraltar |

>  **Note**
>
> Active CBCA corporations are required to <u>update director information</u> (names, addresses, etc.) within 15 days of any change. A <u>corporation key</u> is required. If you are not authorized to update this information, you can either contact the corporation or contact <u>Corporations Canada</u>. We will inform the corporation of its <u>reporting obligations</u>.

## Annual Filings

**Anniversary Date (MM-DD)**
07-04

**Date of Last Annual Meeting**
2017-07-04

**Annual Filing Period (MM-DD)**
07-04 to 09-02

**Type of Corporation**
Non-distributing corporation with 50 or fewer shareholders

**Status of Annual Filings**
2019 - Filed
2018 - Filed
2017 - Filed

Case 1:16-cr-00515-NGG　Document 58　Filed 09/06/19　Page 9 of 10 PageID #: 693

# Corporate History

### Corporate Name History

| 2006-07-04 to 2006-12-08 | CopperCo Resource Corp. |
|---|---|
| 2006-12-08 to Present | AFRICO RESOURCES LTD. |

---

### Certificates and Filings

**Certificate of Incorporation**
2006-07-04

**Certificate of Arrangement**
2006-12-08

**Certificate of Restated Articles of Incorporation**
2006-12-08

**Certificate of Amendment** [*]

2006-12-08
Amendment details: Corporate name

**Certificate of Arrangement**
2016-07-06

---

[*] Amendment details are only available for amendments effected after 2010-03-20. Some certificates issued prior to 2000 may not be listed. For more information, underline contact Corporations Canada.

Buy copies of corporate documents

Start New Search　Return to Search Results

Case 1:16-cv-00913-NCC   Document 55   Filed 09/06/19   Page 10 of 10   PageID #: 966

**Date Modified:**

2019-05-22