UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>OZ AFRICA MANAGEMENT GP, LLC,<br><br>Defendant. | Case No.: 1:16-cr-00515-NGG |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION OF THE
<u>COURT'S AUGUST 29, 2019 MEMORANDUM & ORDER</u>**

Charles A. Gilman
Anirudh Bansal
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Tel.: (212) 701-3000

*Attorneys for OZ Africa Management GP, LLC*

September 27, 2019

Defendant OZ Africa Management GP, LLC respectfully submits this reply memorandum in further support of its motion for reconsideration of the Court's Memorandum & Order dated August 29, 2019 (the "Memorandum & Order").

**Claimants' Response Ignores Fundamental Legal Principles**

"A basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co.* v. *Patrickson,* 538 U.S. 468, 474 (2003). "Separate legal personality has been described as 'an almost indispensable aspect of the public corporation.'" *First National City Bank* v. *Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 625 (1983) (citation omitted). "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets and, as a result, does not own subsidiary corporations in which the corporation holds an interest." *Dole Food,* 538 U.S. at 475 (citations omitted). "The Second Circuit has recognized that 'shareholders do not hold legal title to any of the corporation's assets. Instead, the corporation—the entity itself—is vested with title.' . . . 'It is axiomatic that a corporation . . . is separate and distinct . . . from its owners and that a shareholder is not the corporation either in law or fact' . . . '[s]hareholders are not legal owners or lienholders of the corporation's assets . . . .'" *United States* v. *Dupree*, 781 F. Supp. 2d 115, 140 (E.D.N.Y. 2011) (Matsumoto, J.) (citations omitted).

Because these fundamental principles are fatal to their attenuated restitution claim,[1] Claimants argue that they do not apply to cases involving restitution. However, as this Court has stated, the MVRA "defines a 'victim' as 'a person *directly and proximately harmed* as a result of the commission of an offense'" (emphasis in original), and "[i]n both the CVRA and the MVRA, courts

---

[1] Claimants do not allege they ever owned any mining rights. At most, they are former shareholders in a corporation *four corporations removed* from the ownership of any mining rights. *See* Corporate Structure Chart, Lawson Supp. Dec. (ECF 41-2) at Ex. 25.

uniformly interpret the phrase 'directly and proximately harmed' as "encompass[ing] the traditional 'but for' and proximate cause analyses." *Morris* v. *Nielsen,* 374 F. Supp. 3d 239, 251-52 (E.D.N.Y. 2019) (Garaufis, J.) (interpreting "victim" under Victims of Trafficking and Violence Protection Act) (citations omitted). When considering who is a victim, courts apply these basic principles. As Chief Judge Tunheim stated in *United States* v. *Ruzicka*:

> A "basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." . . ."An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets and, as a result, does not own subsidiary corporations in which the corporation holds an interest." Even in the case of pass-through entities, courts must respect the distinction between the business entity and its owner.
>
> [T]here are a number of situations in which courts have found that shareholders are entitled to restitution as a result of criminal acts committed against the corporation. These cases are instructive as to what harm must be shown for a shareholder to be a victim. Shareholders may be victims when they suffer an economic loss that is causally linked to the defendant's fraud or when they rely on fraudulent representations to invest in the corporation. . . . The facts of this case do not match: Austin does not allege that the value of his shares in Starkey depreciated or that he invested additional money in Starkey as a result of the scheme.
>
> Instead, Austin relies on his status as Starkey's majority shareholder to argue that he is a victim of the 2013 sale of restricted stock – in short, he argues that everything taken from Starkey was "effectively taken from Mr. Austin, as the principal owner of Starkey – a pass-through corporation." But Austin is not Starkey; Austin is not even Starkey's sole shareholder. The harm to Starkey is direct, while the harm to Austin . . . is "ancillary." The distinction is important and must be rigorously enforced to ensure efficiency in judicial proceedings. If the Court concluded that shareholders are victims merely because they own shares in a victim corporation, then all shareholders would be entitled to "be reasonably heard at any public proceeding," "confer with the attorney for the Government in the case," and "full and timely restitution." The Court must avoid turning a criminal trial into a judge-led shareholder meeting.

331 F. Supp. 3d 888, 899-901 (D. Minn. 2018) (citations omitted).[2]

---

[2] Claimants are wrong in asserting that cases interpreting victim status under the CVRA are irrelevant to the MVRA. This Court and many others have recognized that the MVRA and CVRA define a victim identically. *See Morris,* 374 F. Supp. 3d at 251-52 (interpreting "victim" under Victims of Trafficking and Violence Protection Act); *Ruzicka,* 331 F. Supp. 3d at 893 ("The definition of 'crime victim' in the CVRA was drawn from the [MVRA] and the [VWPA]. . . . Courts have interpreted the CVRA in light of the MVRA and the VWPA[.]") (footnote and citations omitted); *In re McNulty*, 597 F.3d 344, 350 n.6 (6th Cir. 2010) ("[W]e find our case law construing the VWPA and the MVRA persuasive, both for how the CVRA is

Claimants ask the Court to ignore these bedrock principles because Africo Resources Limited ("ARL") is supposedly "defunct." But ARL is *not* defunct (as conclusively established by the Canadian government certification of "Active" and compliant corporate status). *See* Defendant's Brief (ECF 55) at Ex. A. After being publicly traded on the Toronto Stock Exchange for almost 10 years, ARL is now a wholly-owned subsidiary of Eurasian Resources Group B.V., a large international mining conglomerate. There is thus no predicate for Claimants' argument to disregard it.[3]

Claimants also mischaracterize *United States* v. *Kasper,* 60 F. Supp. 3d 1177 (D.N.M. 2014), which concerned an application for CVRA victim status by a tribal government that was the sole shareholder in a company that had been "'forced out of business'" by the offense. *Id*. at 1177. The court noted that "a victim is a person directly and proximately harmed" as a result of the offense, and addressed: (i) whether a government is a "person"; and (ii) whether the government could be a victim because it was the sole shareholder of the company that had been "forced out of business" by the offense. *Id.* at 1177-78. Only the second question is relevant here, and in answering that question the *Kasper* decision drew no distinction between the MVRA and CVRA. Rather, the court relied on fundamental principles of corporate law – the applicability of which is not specific to the CVRA – and rejected the proposition that even a sole shareholder of a corporation forced out of business by an offense could be a "victim":

> A shareholder, even a sole shareholder, is not a corporation. *See Dole Food Co.* v. *Patrickson,* 538 U.S. 468, 474 (2003) (noting that a "basic tenet of American corporate

---

to be interpreted procedurally and for when an individual qualifies as a victim of a conspiracy.").

[3] The issue is not whether "someone who is otherwise a 'victim' is not eligible for restitution because a private right of action is not available," which the Second Circuit rejected in *United States* v. *Marino*, 654 F.3d 310, 321 (2d Cir. 2011). The issue is the application of a basic tenet of American corporate law that a corporation and its shareholders are distinct entities, and nothing in *Marino* (or any other decision cited by Claimants) alters the fact that shareholders can only recover for direct injury *to their shares*, and not for injury to a corporation in which they used to own shares.

3

law is that the corporation and its shareholders are distinct entities"); *Cedric Kushner Promotions, Ltd.* v. *King,* 533 U.S. 158, 163 (2001) ("the employee and the corporation are different 'persons,' even where the employee is the corporation's sole owner.").

*Id.* at 1179.[4]

ARL is not defunct, and Claimants – who assert no greater injury than that of a shareholder – are not entitled to restitution for injury *to the corporation*. This is as true in the MVRA context as it would be in any other.

### The Claimants Have Mischaracterized The Issue Before The Court

Claimants seek to reframe the Court's ruling, stating the Court "categorically rejected the Defendant's argument that the only losses suffered by the [Claimants] were the dilution of their shares or damage to the price of those shares." Claimants' Brief (ECF 62) at 4. Nowhere in its Memorandum & Order did the Court reject the fact that the only property that any of the Claimants allegedly owned was shares in ARL. In fact, at the April 5, 2018 argument, when presented with Claimants' counsel's incorrect characterization of Claimants as owners of a mine or of an interest in a mine, the Court correctly stated: "They are shareholders." Transcript, Apr. 5, 2018 (ECF 50) at 15:5-9.

Under the explicit terms of the MVRA, the amount of any restitution is confined to "the value of the property" of the victim (less any value received from it). *See* 18 U.S.C. § 3663A(b)(1) (addressing restitution "in the case of an offense resulting in damage to or loss or destruction of property"). Here, the Claimants' "property" consisted of their shares in ARL – *not* mining rights owned by a corporation *four corporations removed* from ARL. Accordingly, if the Claimants are

---

[4] On the first question of whether a government could be a victim (which is not relevant here), *Kasper* noted the "line of decisions holding that governmental entities and sovereigns may qualify for restitution under the [MVRA] and [VWPA]," and that the MVRA expressly permitted the Government to claim victim status. *Id.* at 1178. As Claimants fail to point out, the court's statement that the MVRA and VWPA have "the statutory goal of expanding the availability of restitution" was in the context of noting that under these statutes, restitution, and therefore victim status, "is equally applicable to governments and individuals." *Id.* at 1178-79.

victims under the MVRA (and we respectfully submit they are not), their individual losses must be measured by the value of the only property they owned – *their shares in ARL*. *See* Transcript, Sept. 23, 2019 at 10:14-16; *see also United States* v. *Gushlak*, 2012 WL 1379627, at *1 (E.D.N.Y. Apr. 20, 2012) (Garaufis, J.) ("[C]ourts in this Circuit estimate the amount of financial loss suffered by victims of a criminal securities fraud in essentially the same way that they calculate damages in a civil securities fraud case. . . . [T]hey require evidence of 'loss causation' – proof that at least part of the decline in a given security's price was caused by the disclosure or cessation of fraud."); *United States* v. *Hatfield*, 2014 WL 7271616, at *3 (E.D.N.Y. Dec. 18, 2014) (Seybert, J.) (ordering restitution in the amount of losses to share value where defendants committed a fraud against a company and its shareholders); *United States* v. *Schwamborn,* 2012 WL 6050561, at *3 (E.D.N.Y. Dec. 3, 2012) (Feuerstein, J.) (decline in share price is the appropriate measure of restitution where "the victims' loss on the stock is solely attributable to the fraud").

Claimants are not the corporation ARL, and Claimants cannot be heard to claim the loss of property they themselves never owned. The only property relevant to Claimants is their alleged shares in ARL.

## Conclusion

We respectfully request that the Court reconsider its August 29 Memorandum & Order.

September 27, 2019

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

By: /s/ Charles A. Gilman
    Charles A. Gilman
    Anirudh Bansal
80 Pine Street
New York, New York 10005
Tel.: (212) 701-3000
*Attorneys for OZ Africa Management GP, LLC*