

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

May 4, 2020

**VIA CM/ECF**

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>*United States v. OZ Africa Management GP, LLC*</u>, No. 1:16-cr-00515-NGG

Dear Judge Garaufis:

    This letter is respectfully submitted in response to the letter of May 3, 2020 from counsel to Defendant Och Ziff Africa requesting permission from the Court to file a sur-reply to the reply submissions of the Government and the Victims. The Victims oppose that request, as set forth below.

    First, the characterizations and statements attributed to counsel for the Victims in the letter of May 3, 2020 are inaccurate. This was not merely a matter of our clients deciding to object any request from Defendant. To the contrary, our clients have extended courtesies to Defendant with respect to the schedule on multiple occasions. Rather, as explained to counsel for Defendant, we had anticipated the request from Defendant for a sur-reply because Defendant had insisted on memorializing the right to request such a pleading as the price for any agreement on a briefing schedule. As a result, we had ample opportunity to contemplate that request, discuss it with our clients, and consider whether it was appropriate – which it is not.

    Second, counsel for the Victims is quoted as saying the words "naturally it would be better." We do not dispute those words were said, but counsel for Defendant misrepresents the context in which they were said. Counsel for the Victims is of the view that "naturally it would be better" if this briefing was now finally at an end so that the Victims can receive restitution after having been victimized by Defendant more than a decade ago. And as there is no need for a sur-reply, as explained below, "naturally it would be better" for all the parties to now move forward.

WILSON SONSINI

The Honorable Nicholas G. Garaufis
May 4, 2020
Page 2

  Third, there is no need for a sur reply.  What Defendant fails to point out in its letter to the Court is that while the Government and the Victims each submitted **one expert report** addressing the calculation of the value of the Kalukundi mining rights, Defendant's opposition contained over three thousand pages including **three expert reports**: one from its mining expert and two from economists supporting Defendant's ill-advised "share price analysis."  The purported justification for Defendant's request for a sur-reply is that the Victims have now submitted a new expert report and that the Government has changed its numbers.  But the Victims new expert has responded solely to the two economists advanced by Defendant in support of Defendant's "share-price" analysis, and neither the Government nor the Victims have changed their respective conclusions as to the amount of restitution that Defendant should be ordered to pay.[1]  As a result, Defendant has fully advanced its position regarding its "share price" approach through two economic experts, and the Victims have responded to that single issue with an expert report of their own.

  Finally, Defense counsel argues that he expects the Victims to now "gin up some complaint about wanting the matter to proceed quickly."  Defense counsel seems to seriously believe that the Victims are somehow out of line for wanting this thirteen-year odyssey to come to an end.  Defense counsel further seems to forget that his client has pleaded guilty to federal crimes, the express goal of which was to "screw" our clients.  It is hard to imagine a more obtuse comment from a lawyer representing a convicted criminal defendant.  Defendant and Och Ziff have done everything in their power to prevent this case from "proceed[ing] quickly" and have thereby succeeded in avoiding being held accountable to the victims of their crimes.  That strategy of delay must now come to an end.  Defendant has inundated the Court with three expert reports and over three thousand pages of supporting materials.  The expert report from the Victims' economist was narrowly tailored to respond to two of Defendant's expert reports.  The submissions should now end so that the Court can consider the extensive materials it has received and then advance the case to sentencing.

---

[1] The Government's opening submission advocated for a "time of loss" valuation of Africo's interest of at least $150 million based on Och Ziff's own 2008 valuation of those rights, and a "time of sentencing" valuation for Africo's 75% interest at $141.5 million based on a discount rate of 20.5%, and $358 million based on a discount rate of 12%.  The Government's reply submission did not change its position in any meaningful way at all: "time of loss" is still $150 million, and "time of sentencing" is $151.5 million at a discount rate of 19.6% discount rate, and again $358 million based on a discount rate of 12%.  The Victims also did not change their valuation for either the time of loss or the time of sentencing: "time of loss" remains $150 million to $258 million, and "time of sentencing" remains $421.8 million based on a 12% discount rate.

**WILSON SONSINI**

The Honorable Nicholas G. Garaufis
May 4, 2020
Page 3

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Michael S. Sommer*
Morris J. Fodeman
Michael S. Sommer
Kate T. McCarthy
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
mfodeman@wsgr.com
msommer@wsgr.com
kmccarthy@wsgr.com

*Counsel for Claimants*

cc: All Counsel of Record (via CM/ECF)