# WILSON SONSINI

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022

PHONE 212.999.5800
FAX 212.999.5899
www.wsgr.com

May 21, 2020

<u>VIA CM/ECF</u>

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. OZ Africa Management GP, LLC</u>, No. 1:16-cr-00515-NGG

Dear Judge Garaufis:

  We write briefly on behalf of certain former equity holders of Africo Resources, Ltd., whom the Court found are "victims of Defendant's crime" under the MVRA. (ECF No. 51 at 1.) (the "Victims"). On August 29, 2019, Your Honor Ordered the parties to provide further briefing on, *inter alia*, the value of the Kalukundi mining rights – at the "time of loss" and the "time of sentencing" – so that the Court could determine the proper amount of restitution Defendant owes its victims. With Defendant's filing of its Sur-Reply on May 15, 2020, (ECF No. 96), that briefing is now complete.

  Defendant's latest attempt to minimize the impacts of its crime is merely a re-hash of the same arguments that the Government and Victims addressed in their respective Reply briefs and accompanying expert reports (ECF Nos. 92 and 93), and thus we do not seek the Court's leave to address the endless flaws in Defendant's latest, repetitive submission. Should there be particular legal or factual areas the Court wishes the Victims to address, either in writing or at oral argument, we stand ready. Suffice it to say, for all its criticisms and mental gymnastics, Defendant still fails to answer the single most fundamental question: Why would a sophisticated and successful hedge fund invest well over $100 million, spend millions more in bribes, and commit federal felonies around the globe all in an effort to steal an asset from its rightful owners that is worth almost (or less than) nothing? The clear answer is that it would not, and for that reason alone, Defendant's flawed and insincere arguments should be rejected.

  Once the Court digests the latest blizzard of paper that this case has produced, we respectfully submit that the fairest, most reasonable approach to determining the value of the mining rights at the "time of the loss" and at "the time of sentencing" is to use the same discounted cash flow methodology Defendant itself used when it wanted to value these same

mining rights and its stolen interest in Africo.  *See, e.g.*, *United States v. Ageloff*, 809 F. Supp. 2d 89, 97 (E.D.N.Y. 2011) ("The final restitution figure must correspond to all actually ascertainable losses, but where it is 'impossible to determine the precise amount,' a 'reasonable estimate' will suffice.") (quoting *United States v. Catoggio*, 326 F.3d 323, 329 (2d Cir. 2003)), *aff'd sub nom. United States v. Catoggio*, 698 F.3d 64 (2d Cir. 2012); *United States v. Agate*, 613 F. Supp. 2d 315, 323 (E.D.N.Y. 2009) (citing *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009)); *United States v. Germosen*, 139 F.3d 120, 129, 130 (2d Cir. 1998).

That is precisely the analysis the Victims have provided to the Court.  Using the same financial model and a 12% discount rate that even Och Ziff described as "high," yields a "time of loss" value of between $150 million and $194 million and a "time of sentencing" value of $421.8 million.  The Victims thus respectfully submit that the Court should enter an Order that the value of the mining rights stolen by Defendant is $421.8 million.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Morris J. Fodeman*
Morris J. Fodeman
Michael S. Sommer
Kate T. McCarthy
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
mfodeman@wsgr.com
msommer@wsgr.com
kmccarthy@wsgr.com

*Counsel for Victims*

cc:  All Counsel of Record (via CM/ECF)