

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

July 13, 2020

<u>VIA CM/ECF</u>

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*United States v. OZ Africa Management GP, LLC*</u>, No. 1:16-cr-00515-NGG

Dear Judge Garaufis:

      On behalf of the Defendant OZ Africa Management GP, LLC ("OZ Africa"), and the Identified Victims (defined below) (together, the "Moving Parties"), we write to advise the Court that Defendant and the Identified Victims have structured a settlement framework that they believe would fully and finally resolve the restitution dispute, subject to the Court's approval. To allow for a final settlement proposal to be submitted to the Court from all the parties, and with no objection from the Government, we now respectfully request that the Court enter an Order that, subject to any other victims coming forward between now and sentencing, the Africo stakeholders represented by the Wilson Sonsini firm are the only identified victims entitled to restitution in this matter (hereinafter, the "Identified Victims"), and that full payment of restitution to the Identified Victims would fully discharge OZ Africa's restitution obligations in this matter (the "Identified Victims Order"). As noted, the Government does not object to this application.

      As the Court has ruled, the victims in this case are the former stakeholders in Africo between April-June 2008, when the offense of conviction occurred. Wilson Sonsini represents approximately 67% of these equity holders. Despite the extensive efforts directed by our firm to locate additional victims, as well as the Government's own efforts through the FBI, and notwithstanding the widespread media coverage of the litigation over restitution, including articles featured in both the Wall Street Journal and the New York Times, the Government has confirmed that it has been unable to identify any additional victims, and no additional victims have come forward. Therefore, consistent with the Second Circuit's decision in *United States v. Catoggio*, 326 F.3d 323, 328-29 (2d Cir. 2003), the Moving Parties believe that the clients represented by Wilson Sonsini are the victims entitled to receive restitution under the MVRA. *Id.* at 328 ("The MVRA is clear that restitution can only be imposed to the extent that the victims of a crime are actually identified."). The Moving Parties of course recognize that if any other person or entity comes forward between now and sentencing claiming to be a victim, the Government and the Court would be legally obligated to consider such a claim. But based on the efforts undertaken to date, and the lengthy public notice of

this matter, the prospect of additional victims coming forward at this point is believed to be quite small.

Below, the Moving Parties have set forth the reasons for seeking the Identified Victims Order at this time and what we envision as the next steps should the Court enter it:

*First*, for there to be a consensual resolution on restitution, Defendant must know the amount it will be required to pay. While the restitution framework the Moving Parties have discussed will involve OZ Africa paying a restitution amount representing a "reasonable estimate" of the losses incurred by the Identified Victims, *see, e.g.*, *United States v. Gushlak*, 728 F.3d 184, 195-96 (2d Cir. 2013), should the restitution payment amount to be recommended by all the Parties, including the Government, not be accepted by the Court as fully satisfying OZ Africa's restitution obligations, the settlement framework would not move forward. Moreover, should additional victims come forward between now and sentencing such that the percentage of Identified Victims changes more than a *de minimis* amount, the settlement framework also would not move forward.

*Second*, upon the Court entering the Identified Victims Order, the Moving Parties believe they will be able to promptly provide the Court with a proposed stipulated restitution Order, joined by the Government, for the Court's review, which would include a methodologically sound and reasonable estimation of loss, and the list of Identified Victims, including the *pro rata* ownership percentage attributable to each such victim. That proposed stipulated restitution Order would also include an amount for legal fees and costs incurred by the Identified Victims, as provided for by the Mandatory Victims Restitution Act. *See* 18 U.S.C. § 3663A(b).

*Third*, upon the Court entering the Identified Victims Order, Defendant and the Identified Victims will enter into a separate conditional settlement agreement pursuant to which Defendant will obligate itself to pay the stipulated restitution amount, and the amount for legal fees and costs, to counsel for the Identified Victims on the day of OZ Africa's sentencing. This conditional agreement, which is designed to facilitate and expedite payment to the Identified Victims without the need for further proceedings either by the Court or the Probation Department, would be conditioned on the following: (i) the Court accepting the stipulated restitution amount as fully satisfying Defendant's restitution obligations in this case, (ii) no additional victims coming forward in advance of sentencing that would change more than a *de minimis* amount the percentage of Identified Victims, and (iii) Defendant's entitlement to have its payment to the Identified Victims pursuant to the separate settlement agreement constitute full satisfaction of the Court's restitution Order. *See* 18 U.S.C. §3664(j)(2).[1] As a result, should the Court accept the stipulated restitution amount and "So

---

[1] *See also United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008) ("[W]hen determining the amount of a restitution award under the MVRA, the court must reduce restitution by any amount

Order" that amount as reasonable and full restitution to the Identified Victims, Defendant will satisfy its restitution obligations on the day of sentencing by making payment pursuant to the separate settlement agreement.

      The Moving Parties submit that the above framework represents a fair, just and proper path to the resolution of the litigation over restitution in this matter and therefore jointly and respectfully request that the Court approve this approach and enter the requested Identified Victims Order, as set forth below. The Government has advised that it does not object to the entry of the Identified Victims Order.

      Respectfully submitted,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      *s/ Morris J. Fodeman*
      Morris J. Fodeman
      Michael S. Sommer
      Kate T. McCarthy
      1301 Avenue of the Americas, 40th Floor
      New York, New York 10019
      Telephone: (212) 999-5800
      Facsimile: (212) 999-5899
      mfodeman@wsgr.com
      msommer@wsgr.com
      kmccarthy@wsgr.com

      *Counsel for the Identified Victims*

cc: All Counsel of Record (via CM/ECF)

---

the victim received as part of a civil settlement. This principle achieves the apparent congressional purpose of maximizing the award against a criminal defendant guilty of fraud, while avoiding the undesirable result of restitution effectuating a double recovery." (citation omitted)); *United States v. May*, 500 F. App'x 458, 462-63 (6th Cir. 2012) ("[W]hen determining the amount of restitution under the MVRA, the court must reduce restitution by any amount the victim received as part of a civil settlement, in order to avoid the undesirable result of restitution effectuating a double recovery."); *United States v. Hamburger*, 414 F. Supp. 2d 219 (E.D.N.Y. 2006).

For the reasons set forth above, and for good cause shown, IT IS, on this ___ day of _____ 2020,

ORDERED that based on the extensive record before the Court, the Identified Victims (as defined above) are currently the only individuals entitled to restitution, and that unless additional identified victims appear before sentencing, payment of restitution to the Identified Victims would constitute full restitution in this matter, thereby satisfying Defendant's restitution obligations. *See United States v. Catoggio*, 326 F.3d 323, 328-29 (2d Cir. 2003).

_____
HON. NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE