# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| HELENE R. BANKS | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | DARREN SILVER |
| ANIRUDH BANSAL | ARIEL GOLDMAN | WWW.CAHILL.COM | GEOFFREY E. LIEBMANN | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | JASON M. HALL | | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | MEGHAN N. McDERMOTT | ROSS E. STURMAN |
| BRADLEY J. BONDI | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | SUSANNA M. SUH |
| BROCKTON B. BOSSON | CRAIG M. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | ANTHONY K. TAMA |
| JAMES J. CLARK | DOUGLAS S. HOROWITZ | | DAVID R. OWEN | JONATHAN D. THIER |
| CHRISTOPHER W. CLEMENT | TIMOTHY B. HOWELL | | JOHN PAPACHRISTOS | SEAN P. TONOLLI |
| LISA COLLIER | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* | | OLEG REZZY | DAVID WISHENGRAD |
| ANASTASIA EFIMOVA | JOEL KURTZBERG | | THORN ROSENTHAL | COREY WRIGHT |
| JENNIFER B. EZRING | TED B. LACEY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | JOSHUA M. ZELIG |
| HELENA S. FRANCESCHI | MARC R. LASHBROOK | | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE | | MICHAEL A. SHERMAN | |

* ADMITTED IN DC ONLY

(212) 701-3207

July 28, 2020

Re: *United States* v. *OZ Africa Management GP, LLC*,
No. 16-cr-515 (NGG-LB)

Dear Judge Garaufis:

  OZ Africa Management GP, LLC ("OZ Africa") respectfully submits this letter in response to questions posed by the Court during the July 23, 2020 conference. The Court asked whether it would be legally permissible to enter a final judgment that awarded restitution to the Claimants (provided they are the only identified victims at the time of sentencing) along the lines proposed by the parties, and whether Title 18, United States Code, Section 3664(d)(5) requires the Court to permit additional potential victims to come forward for 90 days after sentencing. As discussed below, controlling Second Circuit precedent clearly permits – indeed requires – the Court to award restitution only to "identified victims," and the parties are asking only that the Court do this in a manner consistent with the MVRA, and Section 3664(d)(5) does not require otherwise.

> 1. *An Award Of Restitution To The Identified Victims In Full And Final Satisfaction Of OZ Africa's Restitution Obligations In This Case Would Be Consistent With The MVRA.*

  The parties are not asking the Court to simply endorse a settlement without regard to the requirements of the MVRA. Rather, the parties are asking the Court to impose a full and final restitution award *under* the MVRA, to the identified victims. As the Second Circuit held in *United States* v. *Catoggio*, and as we have always maintained in our prior submissions, under the MVRA, restitution can only be awarded to *identified*, as opposed to identifiable victims. 326 F.3d 323, 328 (2d Cir. 2003) ("the district court did err in ordering restitution to unidentified, as opposed to unidentifiable, victims"). Accordingly, an award of restitution to the identified victims for their losses, in full and final satisfaction of OZ Africa's restitution obligation, would be entirely

CAHILL GORDON & REINDEL LLP

-2-

consistent with the requirements of the MVRA (provided, again, that additional victims do not surface in advance of sentencing).[1]

    2.    *Section 3664(d)(5) Does Not Apply Here.*

Nor does Section 3664(d)(5) require a contrary result. Rather, that statute applies when "the victim's losses are not ascertainable by the date that is 10 days prior to sentencing," and the Government or the Probation Office so inform the Court, and the Court then "set[s] a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." These are clearly not the circumstances here.

First and foremost, the victims' losses here are clearly not "unascertainable." The parties have each submitted extensive briefing with the assistance of experts, providing their respective loss calculations down to the dollar, and while those calculations are not in agreement with one another, none of the parties, nor their numerous experts, has ever suggested that the loss is unascertainable. Courts have held that where a specific restitution award was made to identified victims – as the parties contemplate happening here – the victims' losses are "ascertainable," and Section 3664(d)(5) does not apply. *See United States* v. *Entes*, 2008 WL 2096971, at *2 (E.D.N.Y. May 16, 2008) (Johnson, J.) (defendant sought to re-open restitution proceedings after sentencing based on argument that restitution exceeded victims' losses; Section 3664(d)(5) "does not provide grounds for the Defendant's challenge, since that subsection applies only when the victim's losses are not ascertainable at the time of sentencing, which was not the case here"); *United States* v. *Petrarca*, 2015 WL 458170, at *1 (D.R.I. Feb. 3, 2015) (Section 3664(d)(5) inapplicable where parties "stipulated to the amount of losses sustained by the [victims]").

Notably, losses are not "unascertainable," and this section does not apply, merely because additional claimants could come forward after sentencing (as is ostensibly always the case). In *United States* v. *Hernandez*, 2020 WL 1269759 (S.D. Fla. March 17, 2020), the court denied a claimant's motion for victim status after a final judgment had been entered, holding that because the claimant's alleged losses could have been calculated prior to sentencing, Section 3664(d)(5) did not apply. 2020 WL 1269759, at *1. The court elaborated that "the restitution order identified a specific victim and specified a restitution amount . . . the losses [claimant] claims establish it as a victim were ascertainable . . . prior to sentencing." *Id.* The court also noted that the Government did not inform the court that the victims' losses were not ascertainable, which was an additional bar to the application of the statute. *Id.* at *1 n.1; *see also United States* v. *Adejumo*, 2015 WL 13283062, at *3 (D. Minn. Dec. 23, 2015) *vacated on other grounds*, 848 F.3d 868 (8th Cir. 2017) (denying restitution for an additional claimant's ascertainable losses when the Government

---

[1] As requested by the Court, Wilson Sonsini will be making a submission concerning their efforts to identify other potential victims. As OZ Africa indicated at the July 23 conference, should additional victims be identified, OZ Africa's position would remain that it is willing to pay $136 million in restitution to *all* identified victims, in full satisfaction of its restitution obligations, as a compromise and for the sake of closure and finality, while maintaining the correctness of its position regarding the proper calculation of loss as stated in its submissions, and reserving all rights and arguments should no settlement be reached.

CAHILL GORDON & REINDEL LLP

-3-

provided no explanation for its failure to ask for restitution for the claimant in its original request); *United States* v. *Moreno*, 2016 WL 7178775, at *1, *4 (W.D. Pa. Dec. 9, 2016) (denying the Government's request to modify a restitution order to include additional claimants because the Government did not notify the court of the possibility of additional restitution in a timely manner); *Cf. United States* v. *Eisenberg*, 2008 WL 2605125, at *1-2, *5 (S.D.N.Y. June 30, 2008) (where Government made clear at sentencing that it had no idea of the extent of the losses since it did not know how many fake gems the defendant sold, additional claimants were permitted to come forward after sentencing). Accordingly, since the losses here are clearly ascertainable, Section 3664(d)(5) does not permit deferral of the final restitution award after sentencing.

Moreover, courts have made clear that Section 3664(d)(5) only applies where the sentencing court specifically leaves open the calculation of the restitution amount after sentencing. For example, in *United States* v. *Gushlak*, 728 F.3d 184 (2d Cir. 2013), the Second Circuit found the statute applied because the Court made clear at the sentencing hearing that it would order restitution at a later date. *Id.* at 191; *see United States* v. *Clausen*, 949 F.3d 1076, 1079 (8th Cir. 2020) ("a district court retains the power to order restitution *if* it advises the defendant at sentencing that restitution will be ordered *and* keeps the issue open under § 3664(d)(5) until the amount owed can be determined") (emphasis added). Here, the resolution proposed by the parties expressly does not contemplate any aspect of the matter – restitution or otherwise – being left open for subsequent determination. Rather, as indicated at the July 23 conference, the contemplated resolution is predicated entirely on an order of restitution to the Claimants, and only the Claimants, being part of the Court's final sentence and judgment, and fully and finally resolving the case. Accordingly, for this independent reason, Section 3664(d)(5) would not apply to permit additional restitution proceedings within 90 days – or any other period – after sentencing.

\* \* \*

For the reasons stated, OZ Africa respectfully submits that the Court is authorized by the MVRA to award restitution to the identified victims in final satisfaction of OZ Africa's restitution obligations, and Section 3664(d)(5) does not state otherwise.

CAHILL GORDON & REINDEL LLP

-4-

        Respectfully submitted,

        CAHILL GORDON & REINDEL LLP

        By:    /s/ Anirudh Bansal

            Anirudh Bansal
            Tara H. Curtin
            Benjamen Starkweather
        80 Pine Street
        New York, New York 10005
        Tel.: (212) 701-3000

        *Attorneys for OZ Africa Management GP, LLC*

VIA ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court for the Eastern District of New York
United States Courthouse, Room 1426 S
225 Cadman Plaza East
Brooklyn, New York 11201

cc:    All Counsel of Record via ECF