# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

September 21, 2020

The Honorable Nicholas G. Garaufis
Senior United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:**   *United States v. OZ Africa Management GP, LLC*, No. 1:16-cr-00515-NGG

Dear Judge Garaufis:

This letter is respectfully submitted on behalf of all the parties to this matter: the victims represented by this law firm (the "Identified Victims"), the defendant OZ Africa Management GP, LLC ("OZ Africa" or "Defendant"), and the Government (together, the "Parties"); to respond to the Court's Order of September 14, 2020 and to provide the Court with an update and the identification of next steps to bring this matter to sentencing.

## UPDATE

By way of update, on August 12, 2020, the Government caused letters to be sent to former shareholders of Africo Resources who had not yet been informed of their status as potential victims in the above-referenced case (the "Notice Letters"). The Notice Letters included a deadline of September 12, 2020 for the former shareholders to contact the Government regarding potential restitution claims. Since the Notice Letters were sent out, the Government has received a total of 116 restitution claims concerning previously unidentified claims totaling approximately 254,000 shares of Africo stock (representing less than 1% of the outstanding shares), which represents approximately $1,450,000 in restitution. The Government has also received restitution claims for options owned by four former Africo employees, which the Government is assessing with the Parties and counsel to the former Africo employees. Finally, the Government has been advised that there may be a dispute between a previously unidentified victim and two previously Identified Victims with respect to a specific claim that is currently included in the group represented by Wilson Sonsini. The Government has been advised that this matter is under discussion between those parties, and the hope is that it will be resolved without the need for Government or Court intervention.

AUSTIN    BEIJING    BOSTON    BRUSSELS    HONG KONG    LONDON    LOS ANGELES    NEW YORK    PALO ALTO
SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

WILSON
SONSINI

The Honorable Nicholas G. Garaufis
September 21, 2020
Page 2

Although the deadline set forth in the Notice Letters has now passed, the Government continues to receive responses and inquiries from former Africo shareholders and is anticipating additional claims for restitution. As a result, the Government proposed that the notice period remain open for an additional two weeks, to Friday, September 25, 2020. The Identified Victims and the Defendant consented to this proposal. At that time, the Parties will reassess the status of shareholder responses and determine if an additional notice period is necessary.

Upon the conclusion of the notice period, the Government will be in possession of the list of the previously Identified Victims represented by this firm, as well as any newly identified victims, some of whom we are advised are represented by other counsel and others not. These lists will thus constitute all potential victims for purposes of restitution. After reviewing the supporting documentation and providing a final list of victims to counsel for the Defendant and counsel for all Identified Victims and newly identified victims so they can have an opportunity to comment (no longer than 7 days), the Government will submit the final victim list to the Court, along with any remaining open issues requiring a decision from the Court.

Separately, and without the involvement of the Government, the Identified Victims and the Defendant informed the Court, both in the July 13, 2020 joint letter and at the July 23, 2020 conference, that they were then negotiating and have now executed a settlement agreement (the "Settlement Agreement") that, subject to the Court adopting the framework therein, will resolve, fully and finally, the restitution issue in this case in a manner consistent with the Mandatory Victims Restitution Act ("MVRA"). We enclose a copy of the Settlement Agreement for the Court's consideration.

As the Court will see, the Settlement Agreement is contingent on the amount of restitution Ordered by the Court at sentencing.[1] Specifically, if the Court's final restitution award is no more than $141,000,000, the Settlement Agreement will become operative, and on the day of sentencing, OZ Africa will remit $136,000,000 to our firm for the benefit of our clients[2] and pay the other victims who have come forward either in response to the Government's Notice Letter or otherwise, and who are determined to be victims, up to an additional $5,000,000. As noted above, since the Notice Letters were sent out, additional victims with equity positions that are not represented by

---

[1] The Settlement Agreement was also contingent on 90% of our client group – in share volume – signing the Settlement Agreement in advance of sentencing. We have met that contingency and are currently at 97.3%.

[2] As indicated, our clients' claims include the potentially disputed claim referenced in the second paragraph of this letter, and therefore this restitution figure is intended to cover that claim.

**WILSON**
**SONSINI**

The Honorable Nicholas G. Garaufis
September 21, 2020
Page 3


the Wilson Sonsini firm have come forward.  Currently, claims for these additional holdings, excluding the options of the former employees, represent approximately $1,450,000 in additional victim claims.  That total is currently well below the threshold of $5,000,000 provided for in the Settlement Agreement and is expected to remain well below that level based on the volume of new claims made over the past four weeks.

**NEXT STEPS**

Once the notice period closes (currently September 25th) and the final list is compiled, the Parties respectfully submit that sentencing can occur as soon thereafter as the Court is available. In that regard, in the letters of July 28, 2020, both the Identified Victims and the Defendant noted that under controlling Second Circuit precedent, restitution may only be awarded to identified victims. *See United States* v. *Catoggio*, 326 F.3d 323, 328 (2d Cir. 2003).  Relatedly, the Identified Victims, the Defendant and the Government all agree that Title 18, United States Code, Section 3664(d)(5) does not impose any barrier to a final restitution award being ordered at sentencing. That statute only applies where "the victim's losses are not ascertainable by the date that is 10 days prior to sentencing," which is not the case here.  Accordingly, the Parties agree that because the only identified victims in this case will be those individuals that confirm, by the date of sentencing, that they were in fact Africo equity owners during the relevant period, these are the only individuals entitled to restitution under the MVRA.  Finally, as detailed in our letter of July 28 and the attachment thereto, the Parties also agree that the determination of the restitution amount to the victims in this matter, as memorialized in the Settlement Agreement and set forth in this letter, constitutes a reasonable approximation of loss based on a sound methodology.

The Government will be advising Counsel for the Identified Victims and the Defendant on September 25, 2020, of the final total of additional victim claims.  As noted, unless an additional notice period is necessary based on the state of responses from former shareholders, the Government will proceed to prepare the final list of victims immediately after that date, with sentencing to follow as soon thereafter as the Court is available.

As the Court was previously advised, the Parties consent to having the sentencing proceed via videoconference, should that option be legally possible, and will be prepared to present the appropriate rationale for a videoconference sentencing.  The Parties are available to answer any questions the Court may have with respect to the above.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

**WILSON SONSINI**

The Honorable Nicholas G. Garaufis
September 21, 2020
Page 4


_s/ Morris J. Fodeman_
Morris J. Fodeman
Michael S. Sommer
Kate T. McCarthy
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212)-999-5800
Facsimile: (212) 999-5899
mfodeman@wsgr.com
msommer@wsgr.com
kmccarthy@wsgr.com


*Counsel for the Identified Victims*

Enclosure (Settlement Agreement)

cc:     All Counsel of Record (via CM/ECF)